## SEYMOUR GATES *vs.* JAMES RYAN.

Hampden.    September 22. — 28, 1874.    MORTON & ENDICOTT, JJ.,
absent.

A. by an agreement in writing sold a building to B. and agreed to remove it to his land. In consideration thereof B. sold a building to A. to be removed by A. and agreed to pay A. $200. To the performance of the agreement each bound himself in the penal sum of $100. A.'s building, in removal, fell down in the highway, and A. thereupon abandoned his efforts to remove it, and used the fragments as his own. B. did not pay the sum of $200 though it was demanded. B. then sued A. for breach of contract and recovered as damages the amount of the penal sum. *Held*, in a suit by A. against B., that the stipulations of the parties were not independent, that the failure of A. to perform his part of the agreement released B. and that the action would not lie.

CONTRACT on the following agreement in writing signed by the plaintiff and defendant :

" This agreement, made this second day of December, 1871, by and between Seymour Gates of Holyoke, Hampden County, Massachusetts, and James Ryan of said Holyoke, witnesseth, that for the consideration hereafter expressed, and the agreement hereafter named to be performed by the said Ryan, the said Gates hereby sells and transfers unto the said Ryan one yellow house, now situated on land of said Gates, in the west side of the highway that passes said Gates's homestead, being the first house south of said homestead, and also agrees to move said house from its present location into the lot of land of said Ryan on the plains (so called),

in said Holyoke, the same to be moved in a workmanlike and proper manner, on or before the first day of February, 1872. In consideration whereof, the said Ryan hereby sells to the said Gates his shanty standing on land of the Holyoke and Westfield Railroad Company, near Alexander Day's, the same to be removed by the said Gates ; and further, the said Ryan agrees to pay to the said Gates the sum of two hundred dollars, in four equal payments of fifty dollars per year, and secure the same by mortgage upon real estate, with interest at the rate of eight per cent., and to this agreement each of said parties binds himself, his heirs and legal representatives, in the penal sum of one hundred dollars. The stone and brick under the yellow house are to belong to said Ryan, who is to draw them away, if he wishes them."

The case was submitted to the Superior Court, and after judgment for the defendant, to this court, upon the following agreed facts:

The execution of the contract is admitted. The plaintiff soon afterwards commenced to move the yellow house named in the contract to the land of the defendant at the place stipulated, but it fell down in the highway while in process of removal, and the plaintiff thereupon abandoned his efforts to remove it, and took the fragments and used them as his own.

The defendant in this action afterward brought a suit against the plaintiff to recover upon the same written contract, and the question of the breach of the contract was the only issue submitted to the jury. The damages were by agreement of parties assessed by the court. Evidence was submitted to the court as part of the measure of damages of the loss suffered by the plaintiff by reason of the failure of the defendant to deliver to him the house mentioned in said contract, and as showing that the value of the house was put in evidence and computed in making up the damages, and in said suit he recovered damages to the full amount of the penal sum named in the contract, viz., one hundred dollars, for which execution was issued and satisfaction received.

The defendant in this suit has never paid to the plaintiff the sum of two hundred dollars named in the contract, or any part thereof, or given any note or security therefor, although the same was demanded by the plaintiff.

After the house had fallen, and before the bringing of either of

the suits, the plaintiff in this action gave written notice to the defendant that on account of the taking by him of the windows from the shanty named in said written contract, he considered his liability under the contract at an end, but the defendant contended that he had a right to take the windows, and paid no further attention to the notice.

If upon these facts, the plaintiff is entitled to recover, judgment is to be entered for $100 and interest from the date of the writ; otherwise, for the defendant.

*M. P. Knowlton*, for the plaintiff.

*A. L. Soule*, for the defendant.

DEVENS, J. The promise of the defendant Ryan was in consideration of the sale to him of the yellow house and agreement to deliver the same on his land. The stipulations of the parties to the contract cannot be considered as independent; the object was to exchange the house owned by Gates for the shanty of Ryan and the sum of $200 to be paid by Ryan. When therefore after the house fell down during the process of removal, and the materials were appropriated by Gates to his own use, an action was brought by Ryan against him for the non-performance of the contract, it was necessary, in order to ascertain the damages sustained by Ryan, to consider that Ryan would be released from the further performance of his stipulations by the failure of Gates to perform; and the measure of such damages would be the fair value of the contract broken by Gates, over and above that which Ryan had still to pay or perform in consideration for it; an inquiry which of course included an examination of the comparative values of the house and shanty as well as the amount of money to be paid by Ryan. It must be presumed that the court adopted the true rule in rendering damages in favor of Ryan to the full amount of the penal sum named in the contract.

The plaintiff apparently proceeds upon the idea that, because he in the former action paid damages for the non-performance of the contract on his own part, he is now in substantially the same situation that he would be if he had performed it, and is therefore entitled to call upon the present defendant for the notes amounting to $200. This is erroneous; the damages which he has paid must have been computed upon the theory that the contract was broken and that the defendant was not bound farther to perform.

Whether the taking of the windows from the shanty, which the present plaintiff after the falling of the house assigned as a reason for considering his liability under the contract at end, justified him in so doing, was a matter necessarily passed upon and settled by the former suit. *Judgment affirmed.*