## MICHAEL H. BUTLER *vs.* SUFFOLK GLASS COMPANY.

Suffolk.   Nov. 26, 1878. — May 8, 1879.   COLT & MORTON, JJ., absent.

A. and B. entered into an agreement, by the terms of which B. was to put up certain works on the land of A., and guaranteed that they would be capable of producing certain results, and A. was to pay a certain price therefor. A. subsequently brought an action against B. on the agreement, alleging the non-performance of the agreement, and the abandonment of the work by B. in an incomplete state; that A. had advanced certain sums of money to B. during the progress of the work; and claiming to recover these sums and other damages. B. filed an answer containing a general denial; and also brought an action against A. on the agreement, alleging full performance on his part, and claiming to recover the price agreed upon for the work. The two cases were tried together, and the jury returned a verdict for A. for the sums advanced to B., and, in the other case, a verdict for the full amount claimed by him. This last verdict was set aside. *Held*, on a new trial of the action of B. against A., that the judgment in favor of A. in the other case estopped B. to prove performance of the contract on his part; and that evidence was inadmissible to show that the issue of performance was not submitted to the jury in that case.

CONTRACT. Writ dated September 10, 1874. The declaration alleged that the plaintiff and the defendant executed an agreement in writing, a copy of which was annexed, dated August 26, 1873, by the terms of which the plaintiff, in consideration of $9000 to be paid to him by the defendant, agreed to build and put in operation upon the defendant's land certain works for the manufacture of gas from crude petroleum, the plaintiff guaranteeing that the works, when completed, would be capable of

producing a certain number of feet of gas each day, of a heating power equal to that produced by coal, and at a less expense; that the plaintiff had performed his part of the contract, but the defendant refused to perform his part; and that the defendant owed the plaintiff the sum of $9000. Answer, a general denial, and an allegation that during the progress of the work the defendant had paid the plaintiff the sum of $1000, on account of such work and materials; that no part of the work and materials was of any value to the defendant, but was of great damage, for which damage the defendant, before this action was begun, had brought an action against the plaintiff, which was still pending. The case was referred to an auditor, who found that the plaintiff could not maintain his action.

The defendant subsequently filed an answer *puis darrein continuance,* alleging that on December 28, 1876, the defendant recovered judgment against the plaintiff, in an action brought upon the same written agreement upon which this action is brought, in which the same issue was tried as is to be tried in this action.

At the trial in the Superior Court, before *Colburn,* J., the defendant relied upon the facts set forth in the supplemental answer; and put in evidence. the record in the action of Suffolk Glass Company against Butler, and asked the judge to rule that the judgment therein was a bar to this action.

It appeared by this record that on March 25, 1874, the Suffolk Glass Company sued out a writ against Butler, returnable to the July term of the Superior Court. The declaration, which was in contract, set forth the written agreement declared on in the case at bar, alleged that Butler entered upon the performance of his work under the agreement, and furnished part of the materials and did a part of the work called for; that, instead of completing the work, he left and abandoned it in an imperfect and incomplete state, and refused to complete the same within the time specified; that part of the work done was improperly done; that the plaintiff had suffered great loss in filling and grading its land, had been delayed in its business and had been put to great expense; that its agents and servants had spent much time in the matter; and that the plaintiff had paid to Butler about $700 on account of the material and work done. The defendant filed

an answer denying each and every allegation in the plaintiff's writ and declaration contained.

It further appeared from the record that the case was sent to an auditor, who found that the apparatus mentioned in the agreement had been completed by Butler, but that it failed to work satisfactorily, and did not furnish the heat called for, and was abandoned after several trials; and that Butler had not fulfilled the requirements of the agreement; that the plaintiff paid to Butler, during the work, the sum of $620.67; that a large part, if not all, of the time spent by the plaintiff's agents during the work, and of the inconvenience sustained, would have been the same had the apparatus succeeded; and found for the plaintiff in the sum of $620.67.

The record further showed that, at October term 1876, the jury returned a verdict for the plaintiff, and assessed damages in the sum of $715.52.

The plaintiff in the case at bar then offered to prove the following facts: The two actions were tried together at October term 1876, before *Aldrich*, J. The action of the Suffolk Glass Company against Butler being first in order, the plaintiff in that case put in the auditor's report, and rested its case, the counsel stating that nothing was claimed in that case except what the auditor found. The judge instructed the jury that, if they found for the plaintiff, they could not give it more than the auditor had found, namely, the money paid out; that, although the plaintiff had set forth other grounds of action, no evidence had been offered as to them; that, if they found for the plaintiff for the money paid out, they should take no account of this in the other action, because the plaintiff might use it as a set-off, in case the jury should find for the plaintiff in that action. The jury thereupon returned a verdict for the Suffolk Glass Company, in the first case, as before stated, and in the case at bar returned a verdict for Butler in the sum of $10,128. On motion of the defendant, the judge set aside the last-named verdict. The counsel thereupon signed and filed an agreement that execution should not issue in the first-named case until judgment was entered in the case at bar.

The defendant contended that the plaintiff was estopped by the judgment in the first case to set up performance of his con-

tract in this action. The plaintiff contended that he had the right to show by the above evidence, that the issue of performance or non-performance of his contract was not submitted to the jury in the first case, and that the only issue submitted to them was whether the company had paid the money to Butler at his request.

With the consent of the parties, before verdict, the judge reported the case for the determination of this court. If the evidence offered was admissible, the case was to stand for trial; if the judgment in the case against Butler was, as matter of law, a bar to the present action, judgment was to be entered for the defendant.

*E. Avery & H. G. Pickering*, for the plaintiff.

*T. H. Sweetser & G. A. A. Pevey,* (*W. Gaston* with them,) for the defendant.

SOULE, J. The action against the plaintiff, in which this defendant recovered substantial damages, was founded on an alleged failure of the plaintiff in the case at bar to perform the contract on which he now sues. The answer was a general denial, and put in issue the performance, as well as the amount of injury sustained by failure to perform. The declaration set forth a partial payment, while the work was in progress, as one of the elements of damage. No recovery could have been had except on proof of failure to perform. The judgment was for the damage sustained by the defendant in consequence of the non-performance. We must presume that the action was properly tried, and that the damages were assessed on correct principles. The judgment, therefore, established the fact that, apart from all advantage and benefit received by this defendant from what was done in the way of performance of the contract, it had been injured in the transaction to the extent of the damages for which the judgment was rendered in its favor. The mistake of the plaintiff is in supposing that, because damages were recovered against him in the former action for the non-performance of his contract, he is now in substantially the same situation as if he had performed it; whereas the damages recovered must have been computed in view of the fact that this defendant was released, by the failure of the plaintiff to perform, from the further performance of its undertakings in the contract. The whole

subject-matter of the rights of the parties growing out of the contract sued on was necessarily considered and adjudicated in the former action, if, as we must assume, the true rule of damages was there adopted. The judgment in that action is therefore conclusive against the plaintiff. *Gates* v. *Ryan*, 115 Mass. 596. The evidence offered of what took place at the trial of that action was not admissible to control the effect of the judgment. If there was any error in that trial, it could be corrected only in that action by motion for new trial, exceptions, or petition for review. It cannot be shown in this.

*Judgment for the defendant.*