BOSTON BLOWER COMPANY *vs.* JAMES O. BROWN & others.

Suffolk.    March 14, 1889. — June 20, 1889.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, & HOLMES, JJ.

*Written Agreement — Independent Stipulations — Former Verdict —*
*Res Judicata — Estoppel.*

An agreement in writing between a machinist and a firm provided that the former should make for the latter one hundred machines in good workmanlike manner, at specified prices, according to certain drawings and specifications, and that the firm, within ninety days after the delivery of the machines, should make a

new contract with him, to be mutually satisfactory, for not less than one hun-
dred machines more, failing to do which the firm was to take and pay for such
special·tools specified in the contract that the machinist might make or pur-
chase for building the first machines as remained in serviceable condition. After
the first machines were delivered and paid for, the firm brought an action to
recover damages for defects therein, and subsequently, after the firm's refusal
to make a new contract or to pay for the tools, the machinist brought an action
against it to recover for the value of the tools. *Held,* that the stipulations of
the parties were independent, and that the recovery by the firm in the first action
was not a bar to the second action. *Held, also,* that it was immaterial that the
tools were merely supplementary to the ordinary tools of a machine-shop, and
were such that with them alone the firm could not construct such machines.

For the purpose of making such machines, the machinist bought certain tools other
than those specified in the contract, but necessary for the work. *Held,* that he
could not recover from the firm the value of those tools, although they were
useless to him, and were of use only for the purpose of building the firm's
machines.

In the first action, the firm, in addition to damages for such defects, sought in
another count to recover payments, of which it put in evidence, made by it to
the machinist on an open account between them for extra work, but the verdict
in that action, although a general one, was alone entered upon the count for such
damages; and in the second action, the machinist, in addition to the value of
such tools, sought to recover the balance of such open account after deducting
such payments. *Held,* that the machinist was not estopped from recovering
such balance, as well as the value of such tools.

DEVENS, J. This was an action in three counts, brought
against the defendants, doing business under the name of the
Brown Quadricycle Company. The first count of the declara-
tion is upon a contract in writing. By this contract the plain-
tiff agreed to make for the defendants one hundred quadricycles,
according to working drawings furnished it, " in all respects well
constructed, of good material, and in good workmanlike manner."
The defendants were to furnish the necessary working drawings
therefor, complete in all details, and agreed that they would
" accept and pay for all machines constructed according to the
terms of this agreement," conformably to a list of specified prices,
"upon being notified that they are ready for delivery," in cash,
or in certain described notes.

The first count of the plaintiff's declaration is upon the last
clause of this contract, which is as follows: " The Brown Quad-
ricycle Company agrees that, within ninety days after the deliv-
ery of the last machines of the number hereby contracted for,
it will make with the Boston Blower Company a new contract,
which shall be mutually satisfactory in all details, for not less

than one hundred machines; and if said Quadricycle Company fails to do so, that it will take and pay to the Boston Blower Company, in cash, the agreed value of all patterns, jigs, and special tools, according to the schedule marked B, hereto annexed, which may have been made or purchased by the Boston Blower Company for building quadricycles agreeably to this contract, and which remain in good serviceable condition, ordinary wear and tear excepted, as per said schedule marked B." In this schedule, each tool was carried out at a separate price.

By the facts as found by the auditor it appears that the plaintiff constructed the first mentioned one hundred quadricycles, completing them on November 18, 1884, when they were delivered to and accepted by the defendants, who gave the notes therefor as provided in the contract, which notes the plaintiff subsequently collected.

The defendants have never made any new contract with the plaintiff, nor have they paid for the special tools enumerated in schedule B, the value of which has been found by the auditor, and by the justice of the Superior Court, sitting without a jury, to be $1,846.45. The ninety days within which the defendants were to make a new contract, or pay for the tools, began to run on November 18, 1884, if ever, and terminated on February 16, 1885. In May, 1885, the defendants claiming to have discovered that the machines furnished and received by them were imperfectly constructed, brought an action against the plaintiff, for damages thus sustained, in the Superior Court. The declaration included counts for other alleged damages, but a verdict was recovered by the present defendants in the sum of $1,250 on the count alone which alleged the damages sustained by the improper and faulty construction of the machines by the plaintiff. This verdict was put in evidence by the defendants, contending that it disposed of the whole subject matter in controversy, and that no action could now be maintained to enforce any obligation of the defendants to make a new contract, or to take and pay for the specified tools.

No judgment has been rendered upon the verdict of the jury in the prior action, and it might be questioned whether, until this is done, the verdict would be sufficient to estop the plaintiff from maintaining this suit, even if it would be if it had passed

into a judgment. It is the verdict with the judgment upon it which constitutes an estoppel of the party against whom it is rendered, and makes a *res judicata* of any fact without the existence, proof, or admission of which it could not have been rendered. *Hawks* v. *Truesdell*, 99 Mass. 557  *Burlen* v. *Shannon*, 99 Mass. 200. In a suit at common law, judgment on a verdict is the necessary and immediate result, unless it be set aside, or unless some motion in arrest thereof be filed. No suggestion has been made that judgment cannot at once be entered, and both parties in argument have dealt with the case at bar as if their rights were respectively determined by the verdict. We do not think it necessary, therefore, to consider whether, to be available for the purpose for which the defendants seek to use it, judgment should properly have been· rendered thereon.

In the prior action, no attempt was made on the part of the then plaintiffs, the present defendants, to avail themselves of the claims which form the subject of the present action, either by way of set-off, recoupment, or otherwise. It was, however, ruled by the auditor, which ruling was affirmed by the Superior Court, that the verdict in the former action was a bar to the plaintiff's recovery upon its first count, being that for the recovery of the value of the specified tools, which we are now considering.

It is the contention of the defendants, that the completion of the machines originally contracted for in strict compliance with all the contract requirements was a condition precedent to the obligation to pay for the tools; and that if, in the first action, it had recovered but a single dollar, it would be released from any further performance under the contract.

It is evident, from the-character of the contract, that it required from the plaintiff, in order to make the machines desired by the defendants, expensive preparations in the way of peculiar tools, comparatively valueless for any other purpose than the construction of these machines; that it was seen by both that it would not be compensated unless more than a hundred machines should be made; and that therefore the defendants agreed to pay for the same, unless a new contract should be made for at least a hundred more at a price which

should be satisfactory to the plaintiff. Of course it could not be expected that such a contract would be entered into unless in some form the plaintiff could obtain payment for the tools, as it would by making the new contract at such a rate that it could afford to disregard the expenditure bestowed upon them.

It is said, that, if in any respect the plaintiff failed to perform its original contract, it could not be expected that the defendants would be ready to make a new contract with the party thus failing. An agreement to make a new contract, mutually satisfactory, is evidently one which could never be enforced, as it depends on the will, or even the caprice, of either. *Brown* v. *Foster*, 113 Mass. 136. The intent of the original contract was obviously to provide for the payment for the tools although a new contract might be substituted for this, and such is its effect. The inquiry is, therefore, whether this agreement is available only upon the exact completion of the machines as they are described in the contract, and whether, if they failed in any detail to meet its requirements, the obligation of the defendants was discharged. There is certainly no express condition that this shall be so, and a provision so onerous in its character should appear in clear terms. The defendants deduce an argument from the fact, that, as the defendants agree to make a new contract, or, failing to do so, to pay for the tools " within ninety days after the delivery of the last machines of the number hereby contracted for," the word " delivery " must be delivery in strict accordance with the terms of the contract, and, there having been no such delivery, no obligation exists to pay for the tools. But the defendants received the machines and accepted the same under the contract, have never rescinded it, but have obtained their damages therefor, so far as there was a failure in the performance of any details in the work upon them.

Nor can we concur with the defendants, that, even if the contract is not expressly conditional, it must be implied in law, as a condition precedent, that all particulars of the original contract were to be complied with before the defendants were bound to make a new contract or pay for the tools. That a stipulation, when it is not so made in express terms, should be

construed as a condition precedent, must result from the nature of the act to be done, and the order in which they must precede and follow each other in the progress of performance.

Where one stipulates to build a house, or manufacture an article, from materials to be furnished by another, the failure to furnish such materials would release the party thus stipulating; where the non-performance on one side goes to the entire substance of the contract, so that it may fairly be inferred that, if the act to be performed on one side is not done, there is no consideration for the stipulations on the other side, the party making them would be released therefrom. Such would not be the case when the injury was but partial. "Though there be a breach of an express or implied covenant on one side, attended with some loss and damage to the other, yet if it does not go to the whole consideration, and the loss can be compensated in damages, the stipulation must be construed to be independent, for breach of which the party sustaining such loss has his remedy by action, but it is not a condition precedent, upon the non-performance of which the other party is absolved · from the performance of the stipulations on his part." Shaw, C. J., in *Mill Dam Foundery* v. *Hovey*, 21 Pick. 417, 439. *Cadwell* v. *Blake*, 6 Gray, 402.

Applying these principles to the case at bar, the consideration of the defendants' promise was not merely the construction of the machines, but involved the making of the tools required therefor by the plaintiff. These machines the defendants have accepted, and, so far as they were defective in construction, have been compensated therefor; and when it is found that the tools are fit for the special work for which they were intended, they ought not to be relieved from their obligation to pay for them. Even if the completion of the machines in all respects according to the contract could have been treated as a condition precedent to their liability to pay for the tools, it is not easy to see how the defendants can now rely upon it as such. Assuming that at the time they discovered the defects in the construction of the machines they could then have withdrawn their acceptance of them and rescinded the contract, they did not do so, but, relying on the contract, recovered damages to the extent to which it was found to have been broken. The defendants stand pecu-

niarily in the same position that they would have occupied in all respects if the machines had corresponded with those called for by the contract. Having had full compensation for the injury occasioned by these defects, they cannot claim in addition to be released from the obligations they have assumed. *Kenworthy* v. *Stevens*, 132 Mass. 123. *Snow* v. *Alley*, 144 Mass. 546, 556.

The defendants rely on *Gates* v. *Ryan*, 115 Mass. 596, and *Butler* v. *Suffolk Glass Co.* 126 Mass. 512, as establishing the proposition, that, having recovered in the action heretofore brought, it must have been there considered that they were released from the further performance of their stipulations to the plaintiff. But in the cases referred to the stipulations of the parties were not independent, but dependent the one upon the other. In order to ascertain what damages one had sustained, it was necessary to consider that he would be released from his own stipulations by the failure of the other to perform, and that therefore in the previous cases brought against the parties, the plaintiff's damages must have been computed on the ground that the contract was wholly broken, and that the party then suing was not bound further to perform. The parties originally suing had in those cases received no benefit. In *Gates* v. *Ryan*, the defendant in a former action had recovered damages, because Gates was wholly unable to perform any part of his contract, which would necessarily release Ryan ; and the measure of his damages was held to be the fair value of the contract made by Gates over that which Ryan had still to pay or perform in consideration for it. In *Butler* v. *Suffolk Glass Co.*, a prior action had been brought against the plaintiff for an entire failure to perform his contract, in which the defendant had recovered substantial damages, and in which the judgment was for the damages sustained by the defendant in consequence of the non-performance, which must have been computed in view of the fact that the defendant had been released, by the failure of the plaintiff to perform, from the further performance of its undertakings under the contract. The defendant had therefore been permitted to recover back all that it had paid under the contract. Such a case was there presented as would here exist if in the former action it had

appeared that the plaintiff had wholly failed to perform its contract, so that no benefit had accrued therefrom to the defendants, and the defendants had brought an action for damages by reason of such breach of the contract.

In the prior action, as actually brought, the defendants had not sought by reason of the entire non-performance of the contract to recover damages therefor, nor had they treated the contract as rightfully rescinded. The computation by the jury could not have been made on the ground that the defendants were wholly released from the contract, but upon the theory that they were held thereto, and were entitled to appropriate damages, because, while the defendants had received and retained the machines constructed by the plaintiff, such performance of its contract had not been as thorough and complete as it should have been, but had in certain particulars been defective. It is expressly found that, as matter of law, it was ruled by the court in the prior action that there had been no rescission of the contract, and that the machines as constructed belonged to the defendants. It appears also that the verdict was rendered solely on the count in that suit for damages sustained by the defendants by reason of the faulty construction of the machines. In that action the plaintiff did not in any manner seek to diminish the damages of the defendants on account of its claim for the value of the patterns, jigs, and special tools described in schedule B, heretofore mentioned.

For the reasons heretofore stated, we are of opinion that it was erroneously ruled, in the case at bar, that, because the first one hundred machines were not in all respects made according to the contract, the defendants were not obliged to make any further contract, or to pay for the special tools, etc. made or purchased for the construction of those machines.

As the report finds in the alternative, should the former verdict be held not to be a bar to the present action for the value of the special tools, that judgment should be entered for their value as found by the auditor, we proceed to consider the findings upon this point, and for what portion of these tools there may be a recovery. It is found that the plaintiff did not make or use twenty-six tools, etc. which were included in schedule B, to the value of $270.05, and, as the plaintiff does not seek

to recover for these, they may be dismissed from further consideration. It is also found that the special tools which were made, and also certain extra tools, for which the plaintiff seeks compensation, were in good and serviceable condition. It was further found that a quadricycle could not be actually constructed according to the contract with the tools in schedule B which were made or purchased by the plaintiff for the construction of the quadricycles, and that the plaintiff in fact used forty-one extra tools not enumerated in schedule B, amounting in value to $330.50. For these extra tools the defendants never agreed to pay, according to the finding of the auditor, affirmed by the judge presiding at the trial, and it was ruled correctly that the defendants were not liable therefor.

If entitled to recover, it was therefore held that the plaintiff was entitled to recover the sum of $1,846.45, being the value of the special tools enumerated in the schedule which were actually made or purchased. These tools were valueless except for the purpose of making quadricycles, and the defendants contend that they cannot be justly held to pay for them, when with them a quadricycle could not be made in accordance with the original contract, or its modifications. There was no obligation by the contract to construct all the tools enumerated in the schedule, each of which was set down therein at a separate price, nor was it contemplated that with the tools enumerated a quadricycle could be made. It was a list of special tools only, patterns, jigs, etc., which a machine-shop might not have, and which, so far as the plaintiff was compelled to obtain them, it was to be compensated for in case no additional contract was made, because they would not be required as a part of its general equipment. So far as they went, they might be of value to the defendants if they desired to engage in the manufacture of quadricycles, or to contract with another machinist, even if other tools must also be used. The fact that with them a quadricycle could not be made, and that others would also be required, was not therefore important. It was correctly held, also, that for the extra tools made by the plaintiff, and not enumerated in the schedule, there could be no recovery. If the changes in the construction of the machines to which the plaintiff assented compelled the making of these tools, and if the defendants did not

agree to pay for them, it must be deemed that the changes were for the advantage in some way of the plaintiff, or were for other reasons satisfactory to it. There is no evidence that any of the extra tools actually made were substituted for those in the schedule by any express agreement, and such agreement cannot be inferred from any consent by the plaintiff to changes in the construction of machines, although the necessity for them may have resulted therefrom.

The second count of the plaintiff's declaration is for the recovery of certain items upon a so called open account, the third count being for the recovery of the balance due upon a certain check given for a portion of the same account, upon which two payments of $100 each had been made. These counts may therefore conveniently be considered together, the check referred to in the third count having been given in partial payment of the account sought to be recovered in the second. The open account is found to consist wholly of items relating to the machines built under the contract and the modifications thereof; these "items were done and furnished both during the construction of the machines and afterwards, but under contracts independent of the original contract and its modifications." The defendants contend that some of these items grew out of, or were derived from, the modifications of the original contract, but we do not understand that they dispute its correctness, or that the charges for interest therein for work and for materials furnished, as found by the report, were not properly made.

Their contention is, that it was put in issue in the former action, and there became the subject of adjudication. In that action the declaration consisted of four counts. The first was for damages on account of defects in the construction of the machines; the second was waived; the third was in the nature of trover to recover certain notes and moneys advanced towards payment of the open account, which the plaintiffs, the present defendants, sought to recover back on the ground that the machines were worthless; the fourth, for money had and received, was to recover money paid on the notes on the ground that the machines were worthless. The defendant, the present plaintiff, did not in that action seek to avail itself of this claim, any more than those we have heretofore considered, either as a defence to

the action, or by way of set-off, recoupment, or otherwise. It offered evidence as to the items embraced in the open account, not in any way to reduce the damages or to obtain damages for them, but to show that the claims there advanced by the plaintiffs, the present defendants, were inconsistent and unjust. Under the fourth count, the plaintiffs, the present defendants, put in evidence the two payments of $100 each, together with a claim for the proceeds of the notes delivered to the defendant, the present plaintiff, on the open account, which sums they sought to recover back on the theory that the contract had been rescinded. The judge charged the jury, that the contract had not been rescinded, and the verdict given by the jury was based upon the first count, to which, as recorded, it was strictly confined. If this was erroneous, it was a matter to be dealt with in that action, and cannot here be inquired into.

While, therefore, the plaintiffs, the present defendants, had put in evidence the payments which they had made on the open account, they recovered no judgment therefor, nor could they have done so, as the only count to which the payments were as a ground of recovery applicable was rejected by the judge, who limited them to their first count. The plaintiffs, the present defendants, would not be estopped from bringing a subsequent action to recover these payments, if otherwise they might properly do so, because of having put them in evidence in that action as a part of their damages, and they are now entitled to the benefit of them as payments on the open account. They were in no way comprehended in the verdict as found. *Anthony* v. *Travis*, 148 Mass. 53, 58. Evidence was also offered of these payments by the defendant, the present plaintiff, for the purpose of showing that the plaintiffs, the present defendants, had accepted the machines and made payments thereon, for which purpose it was competent. The proceedings in the former action do not, therefore, prevent recovery by the plaintiff in the case at bar upon the open account.

For these reasons, a majority of the court are of the opinion that the plaintiff is entitled to recover upon the first count the sum of $1,846.45, with interest from February 16, 1885, as found in the alternative by the auditor, and affirmed by the presiding judge, and that the ruling which denied it the right

to recover on this count was incorrect; and on the second and third counts, as the plaintiff may elect, the aggregate on both counts not to exceed the sum of $557.56, with interest from April 30, 1885.                              *New trial ordered.*

S. *Lincoln & E. M. Parker*, for the plaintiff.

C. S. *Hamlin*, (M. *Morton*, Jr. with him,) for the defendants.