EASTERN FORGE COMPANY OF MASSACHUSETTS *vs.*
P. AND F. CORBIN.

Suffolk.  January 20, 1903. — February 25, 1903.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Contract*, Performance and breach.  *Condition*, Precedent.

The defendant agreed to sell and deliver to the plaintiff all its production of steel
scrap for one year from March 1, at certain agreed prices, "payment to be
between 20th and 25th of the month following that in which shipment has
been made." The defendant made four shipments in March, three in April,
five in May, and one on June 5. The plaintiff made no payment up to June
21, although from time to time urged by the defendant to do so. On June 21,
the defendant wrote cancelling the contract. The next day the plaintiff sent
a check for the March and April shipments, promised to pay for the May ship-
ment by July 1, and requested the defendant to go on with the contract. The
defendant replied by letter acknowledging the receipt of the check but declining
to reconsider its determination to cancel the contract. The plaintiff sued for
damages. The trial judge found for the defendant. *Held*, that the judge was
warranted in finding that the plaintiff's breaches of the contract as to payment
justified the defendant in refusing further performance, and that the defendant
by acknowledging the receipt of the check, for part of the sum due it, did not
waive its right to refuse to make further deliveries, especially as it stated so in
its letter.

CONTRACT for alleged breach of an agreement of the defend-
ant, a corporation called P. and F. Corbin, to sell and deliver
to the plaintiff all its production of steel scrap for one year from
March 1, 1901.  Writ dated October 9, 1901.

In the Superior Court the case was tried before *Aiken, J.,*
without a jury. It was agreed that, if the plaintiff was en-
titled to recover, it was entitled to the sum of $487.79. At
the trial the defendant contended, that the contract was made
and was to be performed in Connecticut, and was governed by
the law of that State, but the judge ruled, that the evidence was
insufficient to satisfy him as to the law of Connecticut appli-
cable to the case, and that in his finding he relied upon the pre-
sumption that the law of that State is the same as our own.
The judge found for the defendant; and the plaintiff alleged
exceptions.

*J. Herbert,* for the plaintiff.

*J. G. Palfrey,* (*G. R. Nutter* with him,) for the defendant.

HAMMOND, J.    This is an action to recover damages for breach by the defendant of an agreement to sell and deliver to the plaintiff its production of steel scrap for one year from March 1, 1901, at certain agreed prices, "Payment to be between 20th and 25th of the month following that in which shipment has been made."

In pursuance of this agreement the defendant made four shipments to the plaintiff during the month of March, three in April, five in May, and one on June 6.    At the time of the letter dated June 21st, hereinafter named, from the defendant to the plaintiff, no payment had been made on account of any of these shipments.    On April 29 the defendant wrote pressing for payment of the March shipments, and the plaintiff in reply, under date of May 1, held out assurances that payment would be made inside of two weeks.    On May 23, the defendant notified the plaintiff that it had drawn upon the latter for the amount of the March account, with interest, and in reply the plaintiff held out assurances of payment of the March account before the end of May.    On June 3, no payment having been received, the defendant wrote, reminding the plaintiff of its failure to pay the March account before the end of May, pressing for the payment of both that and the April accounts, and adding: "The contract which we made with you covers the matter of payments, and it is very necessary that you conform to same in sending checks for our account."    To this the plaintiff, on June 7, replied, asking leave to pay for these accounts in sixty days' notes. This proposition the defendant, by letter of June 17, refused, and threatened to draw upon the plaintiff for these accounts unless a reply came in due course of mail.    Receiving no reply, the defendant wrote on June 21 cancelling the contract.    The following day the plaintiff, having received both letters last above named, sent a check for the March and April shipments, omitting interest, promised to pay for the May shipment by July 1, and requested the defendant to go on with the contract. By letter of June 26, the defendant acknowledged the receipt of the check, but declined to reconsider its determination to cancel the contract.    No other payment has been made by the plaintiff.

The question whether the rights of the parties are to be deter-

mined by the law of Connecticut or of this State becomes immaterial in view of the finding of the judge before whom the case was tried that the law in that State is the same as in this State, so far as material to the questions arising in this case.

The first question is whether the plaintiff's breaches of the contract with reference to payment justified the defendant in refusing to make further deliveries.

There is a great difference in the authorities in the application of the doctrine of implied conditions precedent in a contract, especially where there has been part performance. This difference appears particularly upon the question as to the measure of performance by one party which is to be regarded as such substantial performance as will protect him from having his defaults considered as breaches of such a condition, and also upon the corresponding question as to the kind of default which so far goes to the essence of the consideration as to justify the other party in refusing to go on with the contract. See *Mersey Steel & Iron Co.* v. *Naylor,* 9 App. Cas. 434; *Hoare* v. *Rennie,* 5 H. & N. 19; *Phillips & Colby Construction Co.* v. *Seymour,* 91 U. S. 646, 649; *Norrington* v. *Wright,* 115 U. S. 188; *Morgan* v. *McKee,* 77 Penn. St. 228; *Dwinel* v. *Howard,* 30 Maine, 258; *Bennett* v. *Shaughnessy,* 6 Utah, 273. In our own reports the cases of *Mill Dam Foundery* v. *Hovey,* 21 Pick. 417, *Boston Blower Co.* v. *Brown,* 149 Mass. 421, *Wiley* v. *Athol,* 150 Mass. 426, and *National Machine & Tool Co.* v. *Standard Shoe Machinery Co.* 181 Mass. 275, are perhaps the most instructive. In the last case, many of the cases, including *Winchester* v. *Newton,* 2 Allen, 492, upon which the plaintiff strongly relies, were cited; and it was held that although the defendant had not repudiated the contract there was such a breach by its failure to pay as justified a refusal by the plaintiff to go on with it. In view of the decision in that case it seems unnecessary in this to examine at length the doctrine of implied condition precedent.

It is to be noted in this case that at the time the defendant stated its conclusion to " cancel " the contract there had been no performance by the plaintiff. Here was a contract for the sale and delivery of goods for a time covering a whole year. It was a mercantile contract, and in the making of it the insertion of the time of the payments was strongly insisted upon, as an

important condition. From the very first the buyer failed to pay; and, notwithstanding the repeated demands of the seller for the money due, this default, by reason either of the inability. or unwillingness of the buyer, continued for months, becoming more and more serious as the amount due became greater. Under these circumstances the seller might reasonably conclude that this failure to pay was chronic and would continue to be so. In such a state of things it can fairly be said that justice did not require the seller to continue to deliver goods, but that the default of the buyer was so serious and so far connected with the substance or consideration of the contract as to justify the seller in refusing to be further bound by it.

By the subsequent receipt of the payment of the March and April shipments the defendant did not waive its right to refuse to make further deliveries. In any event this sum was due to the defendant; and the very letter acknowledging the receipt of the check explicitly stated that the defendant refused to reconsider its decision not to go on with the contract. *National Machine & Tool Co.* v. *Standard Shoe Machinery Co.* 181 Mass. 275.

*Exceptions overruled.*