JOHN R. HUGHES *vs*. THE RENDLE CORPORATION.

Suffolk.     February 5, 1930. — April 26, 1930.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Contract*, Construction, Performance and breach, Cancellation.

At the trial in a municipal court of an action against a corporation for breach of a contract in writing for lightering cement, it appeared that in the contract the defendant had agreed to "lighter all cement arriving at the Army Base" in Boston "during the year 1927" for a certain consignee to its yard and store it there, and to assume all responsibility for the delivery in good condition of all cement delivered in good condition and stored on its lighter. The plaintiff agreed, among other things, to pay the defendant eighty-five cents per ton, "Payment in full within five days from final delivery of each shipment at the" yard. The first shipment was entirely delivered on April 23 and the charge due the defendant therefor under the contract was $568. On April 22, the plaintiff paid the defendant $400, but never paid any further sum. On April 29, the plaintiff notified the defendant of a further shipment to arrive on May 3, but the defendant refused further to perform the contract because the plaintiff had failed to keep the terms of his contract in that he failed to make payment in accordance with the terms of the contract. The trial judge refused to rule that the failure of the plaintiff to perform the contract as to payment "was a breach of the contract by the plaintiff and the defendant was entitled to cancel the remaining part of the contract," stating that he did so "on the ground that the breach under the circumstances was not serious enough to justify defendant's refusal to perform"; and found for the plaintiff. A report to the Appellate Division was ordered dismissed. The defendant appealed. *Held*, that

(1) The subject matter of the contract was the entire quantity of cement to arrive in the year 1927;

(2) The failure of the plaintiff to pay $168 of the sum of $568 due on April 28 was not a trifling breach of the contract but was a substantial one which threw doubt upon the plaintiff's ability or disposition to make payments when due upon the defendant's deliveries of subsequent shipments and justified the defendant in refusing to be further bound by the contract;

(3) The order dismissing the report was reversed and judgment was ordered for the defendant.

*Whether* the Appellate Division erred in refusing to allow a petition by the defendant in the action above described for the allowance by the trial judge of a draft report as to rulings made by him upon a motion by the defendant for a new trial *was not decided*.

CONTRACT for breach of the contract in writing quoted in the opinion. Writ in the Municipal Court of the City of Boston dated September 16, 1927.

Facts appearing at the trial in the Municipal Court are stated in the opinion. The judge found for the plaintiff in the sum of $776.46, and at the defendant's request reported the action to the Appellate Division.

In the meantime, the defendant moved for a new trial, one ground being "newly discovered evidence material to the issue . . . in no way cumulative." The judge ruled and notified the defendant that he would grant the motion on that ground, provided: "(1) You waive your report and all questions raised in the report. (2) You agree that all evidence now in the case may be considered as in evidence on the new trial for any purpose affecting the question of damages. (3) That the case shall be set down for hearing before me within two weeks, unless I shall otherwise order. (4) That either party may raise questions of law on the interpretation of the contract as to damages, and not on the question of liability. I make these conditions for the reason that, in my opinion, you have had a fair trial on all questions except perhaps damages, and that if this question is to be heard again the plaintiff should not be put to the expense of further hearings on your report. Furthermore, I do not think the plaintiff should be put to the expense of trying his side of the damages over again. So far as possible, a limit should be put to the litigation." The defendant refused to accede to the conditions, and requested a report of the ruling upon his motion for a new trial and filed a draft report, which the judge disallowed. The defendant then petitioned the Appellate Division that the claim of report be allowed.

The Appellate Division ordered the report of the trial by the judge dismissed and disallowed the draft report respecting the order on the motion for a new trial. The defendant appealed from both orders.

The case was submitted on briefs.

*P. A. Hendrick & E. D. Hassan,* for the defendant.

*C. S. Sullivan & J. Burke,* for the plaintiff.

Pierce, J.   This is an appeal by the defendant from the denial by the Appellate Division of the Municipal Court of the City of Boston of the petition to establish the truth of its report, and from the final decision, "report dismissed."

The action is one of contract in which the plaintiff seeks to recover damages from .the defendant for a breach of a written contract to lighter and store certain cement. The case was tried before a judge of the Municipal Court and a finding was made in favor of the plaintiff.   Thereafter, within the time allowed, the defendant filed a motion for a new trial.   This motion was allowed on certain conditions, which the defendant refused to accede to.   Thereupon the defendant filed a "Request for Report" and a "Draft Report."   The report was disallowed by the trial judge.

The contract, for the breach of which the plaintiff was allowed damages, reads as follows: "This agreement made this 11th day of April, A. D. 1927, by and between The Rendle Corporation of Chelsea, Mass. of the first part, and John R. Hughes & Sons of Charlestown, Mass. of the second part, witnessth: That the party of the first part, for the consideration hereinafter mentioned, agrees with the party of the second part to perform in a faithful and workmanlike manner, the following specified work, viz.: To lighter all cement arriving at the Army Base during the year 1927 intended for the Boston Elevated Railway, to their George Street .Yard at Charlestown and store the same in their cement shed thereon.   The party of the first part agrees to assume.all responsibility for the delivery in good condition of all cement delivered in good condition and stored on their lighter.   The party of the second part agrees to notify the party of the first part fourteen days prior to the expected arrival of a shipment at the Army Base.   It is further agreed between both parties that a bag of cement shall be assumed to weigh ninety-five and one half (95½) pounds.   And the party of the second part agrees with the party of the first part, in consideration of the faithful performance of the above specified work, to pay to the party of the first part, the sum of eighty-five cents (85¢) per ton of two thousand pounds (2000#) as follows: Payment in full within five days

from final delivery of each shipment at the Boston Elevated Railway Yard."

At the trial there was evidence that the first load of cement under this contract was delivered by the defendant at the George Street yard of the Boston Elevated Railway in the period between April 15 and April 23, 1927; that the last of the first shipment was delivered on the twenty-third day of April, 1927; that the amount due the defendant under the terms of the contract for this first shipment was $568.23; that on April 22, 1927, the plaintiff paid the defendant $400, leaving a balance of $168.23 unpaid on the first shipment and due within five days from April 23, 1927, the date of the final delivery of that shipment; that on or about April 29, 1927, the plaintiff sent a written notice, in accordance with the terms of the contract, notifying the defendant of the approximate date of the arrival at the Army Base of the second shipment; that the shipment arrived May 3, 1927; that after the receipt of the notice, and before the arrival of the second shipment, the plaintiff, the president of the defendant corporation (one Rendle), and the secretary conferred; that Rendle told the plaintiff he had failed to keep the terms of his contract in that he failed to make payments in accordance with the terms of the contract, and that the corporation would not deliver any more cement for him.

At the close of the trial and before final arguments, the defendant requested the trial judge to rule: "If you find that the plaintiff, in accordance with the terms of the written contract, failed or neglected to pay in accordance with the terms of the contract, then that failure was a breach of the contract by the plaintiff and the defendant was entitled to cancel the remaining part of the contract." The trial judge refused this request "on the ground that the breach under the circumstances was not serious enough to justify defendant's refusal to perform."

The plaintiff contends, on the authority of *A. K. Young & Conant Manuf. Co.* v. *Wakefield*, 121 Mass. 91, *Barlow Manuf. Co.* v. *Stone*, 200 Mass. 158, *Mark* v. *Stuart-Howland Co.* 226 Mass. 35, 43, and *Fairfield Holding Corp.* v. *Souther*,

258 Mass. 540, that the contract is severable and each shipment of cement arriving at the Army Base constitutes a separate contract. We are of opinion these cases are not applicable and that the subject matter is the entire quantity of cement to arrive in the year 1927. *Stewart* v. *Thayer,* 168 Mass. 519. *Fullam* v. *Wright & Colton Wire Cloth Co.* 196 Mass. 474. *Cumberland Glass Manuf. Co.* v. *Wheaton,* 208 Mass. 425, 434. *Bullard* v. *Eames,* 219 Mass. 49. *Roach* v. *Lane,* 226 Mass. 598.

Assuming that the contract was in its nature indivisible, the important question for decision is, Did the evidence warrant the finding of fact made by the judge? Or, put in another way, Was the failure of the plaintiff to pay $168.23 of the $568.23, which the contract in express terms provided should be paid "in full within five days from final delivery of each shipment at the Boston Elevated Railway Yard," a breach going to the root of the contract, and a breach so important as to warrant the defendant in refusing to deliver the remaining part of the cement? We think the failure of the plaintiff to pay so large a part of the total sum payable and due was not a trifling breach of the contract but was a substantial one which threw doubt upon the plaintiff's ability or disposition to make payments when due upon the defendant's deliveries of subsequent shipments. And we further think that the default of the plaintiff was so serious and so far connected with the substance or consideration of the contract as to justify the defendant in refusing to be further bound by it. *National Machine & Tool Co.* v. *Standard Shoe Machinery Co.* 181 Mass. 275. *Eastern Forge Co.* v. *P. & F. Corbin,* 182 Mass. 590, 593. *Dudley* v. *Wye,* 230 Mass. 350, 355.

The order, "report dismissed," is reversed and judgment is to be entered for the defendant.

*So ordered.*