*Northern District*
No. 5728
**A. R. FISHER PRODUCTS CORP.**
**v.**
**LEXINGTON MOTORS, INC.**
August 30, 1963

*Present*: Brooks, P. J., Connolly & Parker, JJ.

Case tried to ———, *J.* in the District Court of Central Middlesex. No. 19398.

*Parker, J.* This is an action of contract in which the plaintiff seeks to recover $1599.60 for goods sold to the defendant. The answer was a general denial, payment and recoupment, claiming that the plaintiff broke the contract on which he sues.

*There was evidence on which it could be found that*: By a written contract, the defendant became the "protected" distributor for the resale of certain exhaust mufflers of the plaintiff. The area so "protected" for the defendant was increased from an area within a 30 mile radius of Lexington, so that on 21 August 1959, the "protected" area included all the New England states excepting Connecticut. The contract between the parties provided for its termination by either party upon 90 days' written notice. On 28 February, 1961, plaintiff notified the defendant by letter that it was cancelling the contract effective 27 February 1961, and that it had appointed another distributor for the "protected" territory of the defendant. The notice was not a ninety (90) day notice.

*There was evidence that* during December 1960, the defendant had received goods from the plaintiff of $2,599.60 for sale to potential customers in the defendant's "protected" territory. The defendant had paid $1,000.00, and on 28 February, 1961, the defendant owed the plaintiff $1,599.60, for these goods. The plaintiff offered to allow the defendant credit

for this amount if the defendant would deliver the goods to the plaintiff's new distributor, but this was not done, owing to a dispute between the parties, as to whether this was contingent upon the defendant giving the plaintiff a release of all claims.

The plaintiff alleged that the ninety (90) days notice was not required to be given because first: the defendant did not make payments on time for goods shipped by the plaintiff to the defendant, and second: the defendant did not adequately cover the "protected" area. The testimony on these points was conflicting.

The defendant filed 10 requests for rulings. The court granted request ♯2, but denied all the others. The court also found that (1) the plaintiff was relieved of its obligation to give 90 days notice before terminating the contract; (2) the defendant had broken its agreement and the plaintiff was justified in terminating the arrangement between the parties and was not obligated to give 90 days notice under the circumstances; (3) the agreement was legally and properly terminated; and (4) the agreement does not remain in full force and effect. The defendant claimed a report on denial of his requests and on these findings.

♯1 was a request that upon all the evidence there should be a finding for the defendant.

The action of the court denying this request

was proper. (Rule 27 of the Rules of the District Courts).

Further, the defendant did not argue this point, either in his brief or on oral argument, and therefore it may be deemed waived.

The defendant's requests for rulings 3, 4, 5 & 6, are as follows:

3. On or about December 3, 1958, the plaintiff and the defendant entered into an agreement whereby the defendant became the exclusive distributor of Abarth products for the plaintiff in certain territory.

4. The agreement of December 3, 1958, between the plaintiff and the defendant was modified on 7 May 1959, by agreement of the plaintiff and the defendant.

5. On or about August 21, 1959, plaintiff and the defendant agreed that the contract between them might be terminated by either party, upon ninety (90) days written notice.

6. On or about February 28, 1961, the plaintiff attempted to terminate its agreement with the defendant and attempted to make such termination effective as of February 27, 1961.

They were denied as being requests for findings of fact, and also as requests for rulings on fragments of the evidence.

■ Requests 3, 4, and 5 are plainly requests for findings of fact, and which the court was not required to grant unless they be construed as requests for rulings of law, in that the findings of fact recited therein are required as a matter of law upon the

evidence. *Perry v. Hanover,* 314 Mass. 167, 169 and 170.

The report states that it contains all the evidence material to the questions reported and so the question as to whether the findings of fact as requested are required as a matter of law is before this Division. *E. A. Strout Realty Agency, Inc. v. Gargan,* 328 Mass. 524, 525.

■ The report includes letters which establish these facts that are not contradicted by any other evidence. Requests ♯♯3, 4, and 5 should have been granted. However, their denial caused no prejudicial error to the defendant, because the court in substance made the findings requested, when it found that the plaintiff and defendant had a distributorship agreement which was modified on May 7, 1958, to include the entire State of Massachusetts, and on that 21 August, this was changed to include all the New England States except Connecticut, and on that date, it was stated by the plaintiff that either party could terminate the contract by giving 90 days notice.

♯6 was also denied on the grounds that it was a request for a finding of fact. This was not a request for a finding of fact but, that for a ruling of law that on all the evidence, the action of the plaintiff on 28 February 1961 was not a termination of the contract. Whether the denial of this request was prejudicial error depends upon the consideration of the court's action on the defendant's other

requests and its claim of error in the court's findings and rulings or points (1), (2), (3) and (4) supra.

♯8 that the plaintiff never gave 90 days written notice to the defendant of termination of its agreement with the defendant, should have been given, for the reasons stated in passing on the requests 3, 4, and 5 *supra,* but again, there is no prejudicial error in the denial, because the court's finding plainly shows that it found that the 90 day notice was not given.

The defendant's requests for rulings ♯7, ♯9, and ♯10 are as follows:

7. That the attempted termination by the plaintiff of the agreement between the plaintiff and the defendant on February 28, 1961 was not in accordance with the agreement of August 21, 1959 between the plaintiff and the defendant.

9. That the agreement between the plaintiff and the defendant has never been legally terminated.

10. That the agreement between the plaintiff and the defendant still remains in full force and effect.

Defendant's requests, 6, 7, 9, and 10 and his claim of error in the court's finding (1), (2), (3) and (4) *supra,* raise the issue as to whether the contract was terminated in view of the fact that 90 days notice was not given by the plaintiff.

The court found that the defendant did not meet its obligations of payment as was agreed by the parties, and that on at least

five occasions, payment by the defendant to the plaintiff was overdue. The court also found that the defendant had not adequately covered the "protected" territory.

There was conflicting testimony as to whether payments were made on time by the defendant, and also that there was conflicting testimony as to whether or not the defendant had adequately covered the "protected territory". The report states that the evidence shows that in 1959, the defendant sold exhaust systems of the plaintiff under the contract, in the amount of $11,421.37 in 1960, in the amount of $16,768.02, and from 1 January 1961 to 28 February in 1961 in the amount of $3,714.35. The plaintiff's letter to the defendant under date of 28 February 1961 states that the plaintiff "has been very patient with you regarding sales efforts, as well as your payment of accounts, which has consistently been past due," and also that "We have had continual complaints from the dealers in your area about the unavailability of Abarth Exhaust Systems." The plaintiff testified payments for each invoice were to be made by the tenth of the following month, but the defendant testified that he could keep an open balance of $2,500.00 with the plaintiff so long as he was the plaintiff's "protected" distributor.

Does this record sustain the court in finding that the defendant did not meet its obligations of payment as agreed, and that it did not adequately cover its "protected territory"?

The evidence as reported is not extensive, but there was some proof of the fact that payments were made late and that the defendant had not adequately covered his "protected territory". *Dietrick v. Siegel,* 313 Mass. 612.

Further, since the defendant seeks a review of the findings and rulings of the trial court, he must set out enough on the record to enable an appellate tribunal to determine whether there has been prejudicial error. *MacDonald v. Adamian,* 294 Mass. 187, 190; *Vengrow v. Grimes,* 274 Mass. 278, 279; *Posell v. Herscovitz,* 237 Mass. 513, 516.

The evidence on these points was conflicting but the judge by his findings, has found for the plaintiff thereon.

The defendant's argument is that the defendant did increase the sales of the goods of the plaintiff, that the goods which the plaintiff sues for would not have been bought by the defendant, except for the fact it was a "protected" distributor of the plaintiff, that the plaintiff believed it could increase its sales in the defendant's "protected" area with another distributor and that the plaintiff had been negotiating with another distributor prior to the termination of the contract by the plaintiff. While the court may well have found these facts, they are not inconsistent with the finding of the court that the defendant had broken the contract by late payments of amounts due the plaintiff and by its failure to adequately cover its territory.

A failure to pay promptly by a party is a breach of a contract, justifying the other party in repudiating the contract. *National Machine & Tool Company v. Standard Shoe Machinery Co.,* 181 Mass. 275, 278; *Hughes v. Rendle Corp.,* 271 Mass. 208, 212; *Dudley v. Wye,* 230 Mass. 350, 354.

Also a failure to perform material obligations under a contract warrants a refusal by the other party to proceed under the contract. *Wood v. Bliss Co., Inc.,* 304 Mass. 630, 634.

Certainly, adequately covering the "protected territory" was a material obligation under the contract. Failure to do so, plus the failure to pay on time as found by the judge, broke the contract, and the contract was thereby terminated.

There was no error in the denial of the defendant's requests ##6, 7, 9, and 10, nor in its findings.

The report is to be dismissed.

Frank R. Sherman, of Waltham, for the plaintiff.
Marvin H. Margolies, of Boston, for the Defendant.