## POSEY v. GARTH.

If a person retain a servant for a year at wages, the performance of the service is a condition precedent to the payment of wages, and the servant cannot recover them before he has performed the years' service. If he is prevented by his employer from fulfilling his contract, and is wantonly and without sufficient cause discharged before the expiration of the period for which he was hired, he is entitled to the wages for the whole period he was to serve: but if there is any fault or misconduct in him towards his employer sufficient to warrant his discharge, and in consequence thereof he is driven from the service of the person by whom he is hired, he is not entitled to any wages.

Appeal from the Howard Circuit court,

*Clark for Appellant.*

AUGUST TERM,
1841.

Posey
v.
Garth.

1st. That where there is a contract to perform labor for a specified length of time, or do a particular act, and the party undertaking to do the act or perform the labor is prevented from doing so by the party employing him, he may sue and recover the full amount of the contract.  3 Mo. Rep, 230 ; 4 Mo. Rep. 41.

2d. That in contracts like the present, the party discharging the other cannot, when sued, excuse himself upon the ground that the party discharged had or was about to do an injury to his property, but must bring his action for the injury, if any is done.

3d. That in all cases where the subject matter of the controversy is properly cognizable in the circuit court, costs must be adjudged to the one recovering, however small that recovery may be.    Rev. Statutes, act relating to costs, 5th and 14th sections; Talbot v. Grun, 6 Mo. Rep. 458.

*Davis for Appellee.*

Defendant contends that the evidence was properly given to the jury, and that the instruction was correct.

Defendant also contends that the costs of suit was properly adjudged against the plaintiff, as the finding was below the sum of ninety dollars.   See Jones & Jones v. Relfe, Adm'r. 5 Mo. Rep. 542; Rev. Code, title Costs.

*Opinion of the Court by Scott, Judge.*

Bird Posey was employed by Dabney Garth, as overseer, for one year, at the price of one hundred and seventy-five dollars; his term of service commenced on the 1st January, 1838, and he continued industriously employed for Garth until sometime in April following, when Garth told Posey that he must leave his service, that he had been negligent, and had maltreated and injured his negroes : Thereupon Posey left Garth's employment.   It appears that Posey, the

day before he was ordered to leave Garth's service, for some fault supposed to have been committed by one of Garth's negroes under his control, attempted to punish the negro by whipping; the negro, the bill of exceptions states, resisted by refusing to obey Posey's order. Posey thereupon struck the negro with a handspike and knocked him down, and then beat him with the handspike in such a manner that in four days thereafter he died from the effect of the blows. Posey afterwards instituted an action against Garth for his year's wages, claiming the whole amount, and recovered sixty-one dollars, the costs being adjudged against him. A new trial was asked for by Posey, and refused, and he brings this cause here by appeal. Under this state of facts is he aggrieved by the judgment of the court below ?

If a person retain a servant for a year at wages, the performance of the service is a condition precedent to the payment of wages, and the servant cannot recover them before he has performed the year's service. If he is prevented by his employer from fulfiling his contract, and is wantonly and without sufficient cause discharged before the expiration of the period for which he was hired, he is entitled to the wages for the whole period he was to serve : but if there is any fault or misconduct in him towards his employer sufficient to warrant his discharge, and in consequence thereof he is driven from the service of the person by whom he is hired, he is not entitled to any wages. Reciprocal justice requires that such should be the law of contracts, of this character; if it were otherwise, then while the employer is bound by his contract to retain the servant, although it may be against his inclination, for the whole period of his service, or pay him the whole wages, the servant by his misconduct may compel his employer for his own security to discharge him, and then recover wages for the term he has served. So, while the contract is binding on the employer, the servant is bound or not, at his option. Such a construction of the contract would encourage fraud and wickedness in servants, and induce them, whenever their inclination prompts to be guilty of such enormities as will compel their discharge.

Justice Laurence remarked, in the case of Cutter v. Pos-

If a person retain a servant for a year at wages, the periorm-ance of the service is a precedent to the payment of wages, and the servant cannot reco-ver them be-fore he has performed the year's ser-vice. If he is prevented by his employer from fulfilling his contract, and is wan-tonly and without suffi-cient cause discharged before the ex-piration of the period for which he was hired, he is entitled to the wages for the whole period he was to serve: but if there is any fault or mis-conduct in him towards

AUGUST TERM, 1841.

Posey
v.
Garth.

ver, 6 Term. R. 327, that a servant, although hired in a general way, is considered to be hired with reference to the general understanding on the subject, that the servant shall be entitled to his wages for the time, though he does not continue in the service during the whole year. This remark of the learned judge, torn from its context and placed in some elementary works, has been made to give countenance to the idea, that if there is a termination of the service by the fault of the servant before the time agreed on, the servant is entitled to wages for the time he served, when it is obvious the judge was speaking of the termination of the contract without the fault of the servant, for it is observable that this principle was stated in a case which the court unanimously held, that if a sailor hired for a voyage, take a promissory note from his employer for a certain sum provided he proceed, continue and do his duty on board for the voyage, and before the arrival of the ship, he dies, no wages can be claimed either on the contract or on a *quantum meruit*. This case however was decided on the peculiar nature of the contract, and is not to be regarded as an authority in support of the doctrine, that if a servant who is hired for a year die in the middle of it, his executor cannot recover part of his wages in proportion to the time of service. This was the old law, it is otherwise now.

*his employer sufficient to warrant his discharge, and in consequence thereof he is driven from the service of the person by whom he is hired, he is not entitled to any wages.*

Was the conduct of Posey such as to warrant his discharge? Have mercy and humanity left this earth, that this question should be asked? Could Garth as a master owing protection to his slaves, any longer retain such a man in his service, he not only had a right to discharge him, but it was his duty to do it. A mere disobedience of orders seems to have been the fault of the negro; for although the record states that the negro resisted, yet it appears that his resistance consisted in disobeying orders, and that too when he was about to be whipped. Should one retain in his employment another, who for such a provocation would with a handspike knock down his slave, and then continue his blows until they caused his death?

As it regards the question of costs, inasmuch as the plain-

AUGUST TERM, tiff was not entitled to recover any thing, he cannot com-
1841.        plain that they were adjudged against him, and as the defend-
Ashley      ant does not seek to reverse the judgment, let it be affirmed.
v.
Cramer.