### EDWIN W. COX *vs.* ISAIAH H. WILEY.

Suffolk. March 13, 1903. — May 22, 1903.

Present: KNOWLTON, C. J., LATHROP, BARKER, & HAMMOND, JJ.

*Judgment,* When a bar.

An action was brought in a municipal court for a balance due for furnishing and setting up a heating apparatus in the defendant's factory. The answer was a general denial. The defendant then brought an action in the same court against the plaintiff for a breach of a special warranty as to the quality of the heater. In this action also the answer was a general denial. The cases were tried together. In the first action judgment was given for the defendant, and in the second action for the plaintiff in the sum of $1. The plaintiff in the first action appealed to the Superior Court, and paid and satisfied the judgment for $1 against him in the second action. The defendant in the first action then filed in the Superior Court an additional answer setting up the satisfied judgment as a bar. *Held,* that the first action was unaffected by the defendant's claim for damages, there having been no attempt to set it up in recoupment, and that the satisfied judgment in the action for breach of warranty was no bar to a recovery for the unpaid balance of the price of the heater.

CONTRACT on an account annexed for a balance alleged to be due for furnishing and installing a heating apparatus in the defendant's varnish factory. Writ in the Municipal Court of the City of Boston dated June 27, 1900.

On appeal to the Superior Court the case was tried before *Bishop,* J., without a jury. The judge ruled that the satisfied judgment, set up by the defendant as stated in the opinion,

was not a bar to this action. He found for the plaintiff in the sum of $65.18; and the defendant alleged exceptions.

*F. K. Linscott*, for the defendant.

*S. R. Wrightington*, for the plaintiff.

KNOWLTON, C. J. This action was brought in the Municipal Court of the City of Boston, to recover, upon an account annexed, for labor and materials in performing a contract to furnish and set up heating apparatus in the defendant's building, and for certain additional work. The answer is a general denial. Soon afterwards the defendant brought a suit in the same court against the plaintiff for damages for a breach of a warranty in the contract, in which it was averred that the present plaintiff agreed that the heater should be capable of heating the factory to a uniform temperature of sixty degrees Fahrenheit, and that the plaintiff broke his contract, in that he furnished an inferior heater that would only heat the factory to a temperature of forty degrees. The answer to this suit also was a general denial. The cases were tried together in the municipal court, and judgment was rendered for the defendant in the first action, and for the plaintiff for $1 damages in the second action. The plaintiff in the first action appealed the case to the Superior Court, and paid and satisfied the judgment in the second action. In the Superior Court the defendant filed an additional answer, alleging that the satisfied judgment in the municipal court was a bar to the plaintiff's suit. There was no evidence except the record to show what the proceedings in the municipal court were.

The question is whether the record in the second action in the municipal court shows a finding necessarily inconsistent with the plaintiff's claim in the case now before us. That depends upon the construction to be put upon the plaintiff's declaration in the second case. We think it pretty plain that the suit is an action of contract to recover for the breach of an alleged special warranty in reference to the qualities of the heater, and that the declaration contemplates an assumption, in assessing the damages, that the property in the heater passed to the plaintiff in that suit. There is a count to recover as money had and received the payment that the present defendant made towards the cost of the heater; but taking this in connection with the

other averments of the declaration, we think the money is claimed only as a part of the damages for the breach of the warranty.

If the facts were as alleged, in the second action, the defendant in the first action, on discovering the breach of the warranty, might avail himself of his rights in either of three ways: He might rescind the contract, return the property and recover back the money that he had paid, *Bryant* v. *Isburgh,* 13 Gray, 607 ; he might set up the breach of the warranty as a defence, in whole or in part, to the claim for compensation in the first action ; or he might pay the claim and bring an action for his damages. *Hunt* v. *Brown,* 146 Mass. 253, 255. *Riley* v. *Hale,* 158 Mass. 240, 246. *Gilmore* v. *Williams,* 162 Mass. 351. He elected to answer only a general denial to the action for compensation, and he brought his action for damages for the breach of the warranty.. That left the first action unaffected by this claim for damages, inasmuch as there was no attempt to set them up in recoupment. It left the court to assess these damages upon the theory that the property in the heater had passed to him, and that it had been paid for, or would be paid for. The question before the court in the action in which the judgment was satisfied, was whether there was a breach of warranty as alleged, and if so, how much were the damages from the breach. The findings in that action are no bar to a recovery for the unpaid balance of the price for the heater, but they are presumed to have been made upon an assumption that the heater had been paid for or would be paid for. We have no means of ascertaining the grounds of the findings for the defendant in the municipal court in the action now before us. They may have been that the payment credited in the account in the declaration fully covered the value of the labor and materials sued for, or they may have been right or wrong in other particulars of law or fact. Whatever they were, they cannot affect the rights of the plaintiff on appeal.

It is contended that the findings in the municipal court must have been in accordance with the direction of the trial judge in *Cook* v. *Castner,* 9 Cush. 266, referred to in *Star Glass Co.* v. *Morey,* 108 Mass. 570, 573. But in that case the damages were pleaded in recoupment of the first action, and were sued for in a

second action. The cases were tried together, and the claimant of damages, instead of electing the suit in which he would have his damages assessed, preferred to claim them in both, and the jury were permitted to consider them in answer to the first suit, and then to consider whether they were more than enough to meet the claim of the plaintiff in that suit, and to allow the surplus, if any, to the plaintiff in the second suit. It was held that no injustice was done by this method, and the exception to it was overruled. Perhaps it would have been better practice to compel the claimant to elect. But in the present case the pleadings would not allow this method of trial in the municipal court, and we must assume that no damages for a breach of the warranty were considered in the first suit. The facts averred in the pleadings, and the evidence introduced at the trial in the Superior Court, bring this case within the principles stated in *Boston Blower Co.* v. *Brown,* 149 Mass. 421, 430, 431.

*Exceptions overruled.*