JOHNSON J. SIPLEY *vs.* ALBERT STICKNEY.

Berkshire.   September 26, 1905. — January 2, 1906.

Present: KNOWLTON, C. J., LATHROP, HAMMOND, LORING, & BRALEY, JJ.

*Contract*, Performance and breach, Implied: common counts.

One cannot recover on a contract if he intentionally has failed to perform a part of it, although the part which he has failed to perform may not be of the essence of the contract.

A person employed to carry on a farm in the absence of the owner, whose duty it has been to render true and accurate accounts of the expenses of the farm, can not recover against his employer for his services, if he intentionally has deceived his employer as to the expenses incurred in running the farm by holding back certain bills which ought to have appeared in his accounts, even if this breach of his duty has caused no loss to his employer.

THE following statement of the case is taken from the opinion of the court:

This case comes before us on exceptions to the charge to the jury in an action of contract in which the plaintiff had a verdict.

The defendant is a lawyer, residing and practising in the city of New York.   From 1900 to 1902 he owned a farm of some four hundred acres in Sheffield, Massachusetts, on which he had a herd of from twenty-five to thirty milch cows, seventeen heifers and two bulls.   He was at the farm but little, and employed the plaintiff in July, 1900, to take charge of it for him.   The plaintiff resigned his position in July, 1902, but stayed on until October 10, apparently to accommodate the defendant, who could

not get another farmer at the time. This action was brought by the plaintiff to recover $193.73, a balance due him for wages for August, September, and the ten days in October on which he worked, amounting to $97.12, together with sixty-one items of cash paid out in August and September, amounting to $267.51, after crediting the defendant with nine items of cash received during August and September for the products of the farm, amounting to $170.90. All the items, with the exception of the three for wages, were agreed to be correct; that is to say, the defendant admitted that he owed the plaintiff $96.61, the balance of cash expended by the plaintiff, but contested his liability for the wages amounting to $97.12.

The defendant set up in defence to the claim for the wages that the plaintiff in his monthly accounts had intentionally misstated the debts incurred in running the farm, to deceive the defendant. The presiding judge charged the jury that " the plaintiff in undertaking to manage the farm of the defendant was bound to act with diligence, integrity and skill. That is a general obligation. It is the obligation of any one who undertakes any employment. It is the same in other concerns, other business, in other employment as it was in this. It is a general obligation on the part of any person who undertakes an employment to act with diligence, integrity and skill. It was the undertaking, it was the duty of Sipley in his dealings with the defendant Stickney to so act, and it is upon the plaintiff in this case to satisfy you that he did so act. The burden of proof is upon him to entitle him to prevail in this action to satisfy you that he did act in his dealings with Mr. Stickney, the defendant, with diligence, integrity and skill, and to the extent that he failed in either or all of the three respects which I have enumerated, in so far as he failed in either one or more of those respects and injury resulted to Mr. Stickney, the defendant in this case, there is a right to use that injury in reduction of this claim, and if such injuries are sufficient to extinguish the claim then your verdict is for the defendant in this case." To this the defendant excepted, contending " that unless the plaintiff satisfied the jury that the plaintiff rendered his services with fidelity, the defendant was entitled to a verdict without regard to the question whether or not damage resulted from the plaintiff's failure to perform." The judge also instructed

the jury: "If you find that the plaintiff, Sipley, was bound to render true and accurate accounts by reason of any arrangement between the parties of the farming business in his hands, of the payments and receipts, and if you find upon the evidence that there was failure to render such accounts and especially if you find that he deceived the defendant as to the condition of the accounts, that fact will be a sufficient ground in law for your refusal to allow him any compensation, if you find that such failure or such deception injured the defendant to an extent sufficient to extinguish his claim." To this the defendant excepted, contending "that it was immaterial whether or not damage resulted from the failure of the plaintiff to render true accounts; but that if the plaintiff rendered accounts which were not true or failed to render accounts, he had failed to perform his contract and was not entitled to recover." There were other instructions and other issues and other exceptions, but the only exceptions insisted upon at the argument are those above stated.

The evidence which gave rise to the parts of the judge's charge now attacked was in substance this: The result of the conduct of the farm had been disappointing in the crops raised, in the deterioration of the stock, and particularly in the amount of money paid out. It appeared that the plaintiff rendered accounts to the defendant each month. The defendant testified that in the first winter (1900–1901) he learned of a bill for $120 that the plaintiff had not paid; that the next time he saw the plaintiff he told him what had happened, and that it must not happen again; that he must pay cash as he went, and that he could not have him running up bills for him, the defendant, to pay; that shortly after the time when he accepted the plaintiff's resignation, (which was in July, 1902,) he was at the farm and the plaintiff produced a grain bill from Manvel for $79.02, the last item on it being April 18, 1902; that the statements rendered by the plaintiff to him from time to time showed payments to Manvel for grain, and that he supposed that the items on the statements paid for all the grain bought, while in fact he kept back the bulk of the account. Then a week later he produced a bill for $180 for supplies bought before July; and in this connection also he had been putting in his monthly state-

ments payments which the defendant supposed covered all expenses. Later, after the plaintiff had gone, he found another instance in a bill for hardware, amounting to $150.10.

Under these instructions the jury were allowed to find a verdict for the plaintiff although he had intentionally deceived the defendant as to the expenses incurred by him in running the farm.

*W. H. Brooks*, (*W. Hamilton* with him,) for the defendant.

*A. C. Collins*, for the plaintiff.

LORING, J. [After the foregoing statement of the case.] The defendant relies on the doctrine long established in this Commonwealth and last applied in *Homer* v. *Shaw*, 177 Mass. 1, where the earlier cases are collected, namely, that one who voluntarily has failed to complete a piece of work to be done under a special contract for an entire sum is without remedy.

The weight of authority is the same in other jurisdictions; *Forman & Co. Proprietary* v. *The Ship Liddesdale*, [1900] A. C. 190; *Hansbrough* v. *Peck*, 5 Wall. 497; *Scheible* v. *Klein*, 89 Mich. 376; *Kohn* v. *Fandel*, 29 Minn. 470; *Timberlake* v. *Thayer*, 71 Miss. 279; *Smith* v. *Brady*, 17 N. Y. 173; *Ginther* v. *Shultz*, 40 Ohio St. 104; *Posey* v. *Garth*, 7 Mo. 94; *Beach* v. *Mullin*, 5 Vroom, 343; *Hartman* v. *Meighan*, 171 Penn. St. 46; although there are decisions in some jurisdictions the other way, the leading case being *Britton* v. *Turner*, 6 N. H. 481.

But the doctrine of *Homer* v. *Shaw* does not necessarily reach the case at bar. For we assume that in *Homer* v. *Shaw* and the other cases *supra* the breach went to the essence of the contract, and that in the case at bar the failure to return accurate statements might have been held not to go to the essence of the contract. We also assume that a breach after part performance not going to the essence of the contract ordinarily will not prevent a recovery on the contract.

But we are of opinion that a wilful default in the performance of a stipulation not going to the essence of the contract bars a recovery. In this Commonwealth, where there is a remedy under some circumstances outside the contract in case a building is erected on the defendant's land, it is restricted " to cases in which there is an honest intention to go by the con-

tract." *Hayward* v. *Leonard,* 7 Pick. 181, 187. To the same effect see *Hattin* v. *Chase,* 88 Maine, 237; *Kane* v. *Stone Co.* 39 Ohio St. 1; *Moore* v. *Carter,* 146 Penn. St. 492; *Barrett* v. *Coal Co.* 51 W. Va. 416.

In New York, where under somewhat similar circumstances there is a remedy on the contract, the right to recover is restricted in the same way " to cases of honest intention of contractors to fairly perform their contracts." *Crouch* v. *Gutmann,* 134 N. Y. 45, 55. See also *Heckmann* v. *Pinkney,* 81 N. Y. 211. To the same effect see *Leeds* v. *Little,* 42 Minn. 414; *Elliott* v. *Caldwell,* 43 Minn. 357; *Linch* v. *Paris Lumber & Grain Elevator Co.* 80 Tex. 23.

The ground on which it is held that a default after part performance not going to the essence of the contract does not bar a recovery on the contract is this : Where the parties have not in terms made the performance of the stipulation in question a condition precedent to the payment of the entire price named in the contract, the court is asked to hold that by implication it was the intention of the parties that a failure to perform this stipulation which does not go to the essence of the contract should defeat the plaintiff's right to the contract price. In such cases the court has held that by implication such cannot be taken to have been the intention of the parties, and has left the defendant to his cross action or other remedy for such a breach.

Where the plaintiff has honestly tried to perform his contract, it is one thing to hold that it must have been the intention to make the commission of such a breach a condition precedent. But where the default is wilful the question in our opinion is a different one. Where a contractor commits a wilful default and yet claims the contract price, he in effect claims that he has a right to break his contract. But he has no such right. " The doctrine that a breach after part performance is not a defence unless it goes to the essence, does not give a party a right to commit a breach because it does not go to the essence ; it merely excuses the breach to the extent just stated after it has been committed." Langdell, Summary of the Law of Contracts, § 168.

In Metcalf on Contracts, pp. 7–9, the general doctrine is laid

down that: "If the failure to perform the express contract be intentional, it is such bad faith that he can recover nothing." See also *Nelichka* v. *Esterly*, 29 Minn. 146.

For these reasons we are of opinion that the rulings were wrong ; and the entry must be

*Exceptions sustained.*