PATRICK G. LYNCH *vs.* MARGARET E. CULHANE.

Suffolk. February 17, 1922. — April 13, 1922.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Contract*, Modification, Performance and breach, Building contract. *Practice, Civil*, Exception. *Damages*, For breach of contract.

It is competent for the parties to a contract in writing for the erection of a dwelling house by subsequent oral agreement to modify, change or annul the written contract, notwithstanding a specification therein that "the contractor will hold strictly to the design on the drawings and no deviation can be made without written order from the architect."

In an action by a building contractor against the owner of real estate upon a contract of the character above described, containing such a specification, the uncontradicted evidence was that there was no supervising architect for the work. *Held*, that the judge properly refused to rule as requested by the defendant that "the plaintiff was not justified in deviating from the drawings or specifications except upon the written order of the owner."

At the trial of the above described action, the judge instructed the jury that the effect of a judgment awarding the defendant $1 for delay in the erection of the dwelling house, in a cross action against the plaintiff tried with the above described action at a previous trial, was to settle the question that the delay did not go to the substance of the agreement and was not a substantial breach of the contract. The jury found that the plaintiff had substantially performed his contract. The defendant excepted to the instruction. *Held*, that

(1) The finding by the jury rendered the exception immaterial;

(2) There was no error in the instruction given;

(3) The defendant's claim for delay having been passed upon at the previous trial, she was not entitled to have the benefit of it again in this action either by way of defence or in diminution of the plaintiff's damages.

At the trial of an action containing a declaration with a count for breach of a contract in writing for the erection of a dwelling house and a count on a *quantum meruit* for labor and materials in the erection of the house, the judge, treating the two counts as one, instructed the jury that "To entitle the plaintiff to recover

on this count it is only necessary that he should show an honest intention to perform the contract, an attempt to perform it, such approximation to complete performance that the owner obtained substantially what was called for by the contract, although it may not be the same in every particular, and although there may be omissions and imperfections on account of which there should be a deduction from the contract price." *Held,* that the instructions given were accurate and fully protected the rights of the defendant.

CONTRACT, with a declaration as amended in six counts, for breaches of an agreement in writing under which the plaintiff was to construct a dwelling house upon land of the defendant, and upon a *quantum meruit* for work done and materials furnished in such work. The counts that are material are described in the opinion. Writ dated February 15, 1918.

In the Superior Court the action was tried first before *Quinn*, J. The jury found generally for the plaintiff in the sum of $1,900; and the defendant alleged exceptions, which were sustained in a decision reported in 237 Mass. 172. The action was tried a second time before *Morton*, J. Material facts, the answers of the jury to certain special questions submitted to them and exceptions by the defendant are described in the opinion. The jury found generally for the plaintiff in the sum of $1,895.78; and the defendant alleged exceptions.

*E. W. Crawford,* for the defendant.

*J. M. Maloney,* (*H. H. Newton* with him,) for the plaintiff.

CROSBY, J. The parties entered into a written contract wherein the plaintiff agreed to erect a dwelling house for which the defendant was to pay $8,000 in five instalments. The first, of $1,500, was due when the foundation was built and the structure boarded in. This payment was made. The second, of $2,000, was due when the building was finished on the outside and had been inspected for lathing. This payment was not made.

After the contract above referred to was entered into, the parties on October 22, 1917, made another written contract by which the defendant agreed to pay to the plaintiff $170 for making certain alterations in and additions to the work described in the original contract.

The declaration as amended contains six counts; the second and fourth were waived. The first is upon the original contract and is to recover the second payment, of $2,000; the third is upon the contract of October 22, 1917, to recover $170; the fifth is to recover

damages for breach of the original contract by the defendant; and the sixth is to recover on a *quantum meruit* for labor and materials in the erection of the building.

In answer to certain questions submitted to them, the jury found (1) that the work on the building was completely finished in a faithful and workmanlike manner up to the time the defendant took possession; (2) that the plaintiff had substantially performed his contract when the defendant took possession; (3) that the plaintiff did not intentionally and wilfully deviate from the contract in any respect; (4) that the plaintiff did not abandon the contract; and (5) that the defendant waived any deviations from the contract. The jury found for the plaintiff.

The defendant's first exception is to the refusal of the presiding judge to rule as follows: "The plaintiff was not justified in deviating from the drawings or specifications except upon the written order of the owner." The specifications are not before us, but the record recites that they "may be" referred to by counsel in their brief as to the terms and conditions therein contained. It is also stated in the record that "The uncontradicted evidence in the case was that there was no supervising architect for the work." The defendant's brief recites certain conditions, which are stated to be contained in the specifications, including the following: "The contractor will hold strictly to the design on the drawings and no deviation can be made without written order from the architect." Notwithstanding this specification it was competent for the parties by subsequent oral agreement to modify, change or annul the written contract. *Cummings* v. *Arnold*, 3 Met. 486, 489. *Norwood* v. *Lathrop*, 178 Mass. 208. *Freedman* v. *Gordon*, 220 Mass. 324, 326. It follows that the ruling requested properly could not have been made.

The second exception is to that portion of the charge wherein the judge referred to the effect of the earlier decision between the same parties (237 Mass. 172) so far as it relates to neglect and delay of the plaintiff in proceeding with the work. In that action the defendant brought a cross action against the plaintiff for damages for delay in erecting the house, and recovered one dollar. In the case at bar the judge instructed the jury that the effect of that decision was to settle the question that the delay did not go to the substance of the agreement; and that although there was delay

on the part of Lynch in carrying on the work it was not a substantial breach of the contract. As the jury, at the last trial, found that the work on the building was completely finished in a faithful and workmanlike manner up to the time the defendant took possession and, further, that at that time the plaintiff had substantially performed his contract, this exception is rendered immaterial. However, there was no error in the instruction given. The defendant's claim for delay having been passed upon at the previous trial, she was not entitled to have the benefit of it again, in this action, either by way of defence or in diminution of the plaintiff's damages. *Boston Blower Co.* v. *Brown,* 149 Mass. 421. *Cox* v. *Wiley,* 183 Mass. 410. *Mark* v. *Stuart-Howland Co.* 226 Mass. 35, 43.

The third exception is to that part of the judge's charge which relates to the plaintiff's right to recover if he substantially performed his part of the contract. In this connection the jury were instructed that "To entitle the plaintiff to recover on this count it is only necessary that he should show an honest intention to perform the contract, an attempt to perform it, such approximation to complete performance that the owner obtained substantially what was called for by the contract, although it may not be the same in every particular, and although there may be omissions and imperfections on account of which there should be a deduction from the contract price."

The instructions given were accurate and fully protected the rights of the defendant. *Bowen* v. *Kimbell,* 203 Mass. 364. *Handy* v. *Bliss,* 204 Mass. 513.

*Exceptions overruled.*