## McNEAL–EDWARDS CO. v. FRANK L. YOUNG CO.

Circuit Court of Appeals, First Circuit.
November 12, 1929.

No. 2345.

Asa P. French, of Boston, Mass. (Jonathan W. French, of Boston, Mass., on the brief), for appellant.

W. B. Leach, Jr., of Boston, Mass. (J. G. Palfrey and Warner, Stackpole, Bradlee & Cabot, all of Boston, Mass., on the brief), for appellee.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

ANDERSON, Circuit Judge. In January, 1922, the McNeal-Edwards Company, a Virginia corporation, contracted to sell to Frank L. Young Company, a Massachusetts corporation, 1,107 drums of Prime A crude Menhaden fish oil, for about $18,000, the contract providing that the purchaser should return the drums to the seller, freight prepaid. The oil was duly shipped and paid for in full in March, 1922. In September, 1922, the purchaser brought suit in the Massachusetts superior court, alleging breach of warranty of quality, and attached the drums, which it had not returned. The seller, in January, 1923, removed this suit to the Federal District Court, and counsel appeared specially in its behalf. This suit was subject to the provisions of G. L. Mass. c. 227, § 1, that the attachment in such suit "shall be valid only to secure the application of the property so attached to the satisfaction of the judgment."

In March, 1923, the seller brought an action, also in the District Court, against the buyer for the conversion of these drums, and its present counsel appeared in its behalf. On January 4, 1927, the purchaser brought a second suit in the Federal District Court against the seller, for the same cause of action as that contained in its first suit brought in September, 1922. It made service of the writ upon the counsel in the conversion suit, then pending in the same court, and also again attached the same drums. On February 28, 1927, the buyer discontinued its first suit. The seller moved to abate the buyer's second suit, on the ground that the second suit was not a cross-action within the fair meaning of G. L. Mass. c. 227, §§ 2 and 3. These sections provide as follows:

"Section 2. If an action is brought by a person not an inhabitant of the commonwealth or who cannot be found herein to be served with process, he shall be held to answer to any action brought against him here by the defendant in the former action, if the demands are of such a nature that the judgment or execution in the one case may be set off against the judgment or execution in the other. * * *

"Section 3. The writ in such cross action may be served on the attorney of record for the plaintiff in the original action, and such service shall be as valid and effectual as if made on the party himself in the commonwealth."

This contention, in substance, is that the service upon the seller's attorney is not authorized under these sections; that the Federal District Court never acquired unrestricted jurisdiction—not limited to the value of the attached drums. This motion was overruled and the seller duly excepted.

█ It is unnecessary for us to assume the duty of initial construction of these sections on the point now in question, for we are of opinion that the case may be disposed of on its merits without such decision. Clearly, the court below had jurisdiction to the extent of the value of the attached property, whether the service on the seller's attorney was or was not valid to give full jurisdiction. For present purposes, this is enough.

The cases went to trial together, with the result that in the suit for breach of warranty the jury found an alternative verdict for the Frank L. Young Company, for $10,730.17; in the conversion suit the jury found specially that the drums were worth $1,384; that the drums were, by the buyer, retained (before they were attached on September 15, 1922) an unreasonable time; and that the damage resulting to the McNeal-Edwards Company because of such unreasonable detention was $100. These findings in the conversion suit are made a part of the bill of exceptions in the other case.

█ The crucial question is that arising under the seller's contention that the purchaser was itself guilty of a breach of the contract, by its failure to return the drums, having a determined value of $1,384, within a reasonable time. When the buyer received this oil and found, as it claimed, that it was not of the quality called for by the contract, it might have refused to accept it. Instead of doing that, approximately six weeks later, it paid for the same in full, but "without prejudice" to its claims. Under the written contract, it was its duty, keeping the oil—good or bad—

within reasonable time to empty the containers and return them to the seller. Assuming that defects in the oil (excessive viscosity) excused it from prompt performance of its duty during the cold weather when, as plaintiff claimed, the oil would not run from the containers, it plainly did not excuse it until the summer had nearly passed (September 15), when it attached the drums wrongfully retained by it until that time. The plaintiff-buyer then is in the position of suing on a contract which it had itself broken. This it cannot do. Whether the contract is to be construed under the law of Maryland or of Massachusetts, the result is the same. In both states the Uniform Sales Act is adopted; in both the peculiar doctrine of Britton v. Turner, 6 N. H. 481, 26 Am. Dec. 713, is rejected. Maryland Code, art. 83, c. 1, § 22. Dougherty v. Gring, 89 Md. 535, 43 A. 912; Townes v. Cheney, 114 Md. 362, 79 A. 590; G. L. Mass. c. 106, §§ 3, 65; 3 Williston Contracts, § 1477, and cases cited.

[4] The case falls within the doctrine of Sipley v. Stickney, 190 Mass. 43, 76 N. E. 226, 227, 5 L. R. A. (N. S.) 469, 112 Am. St. Rep. 309, 5 Ann. Cas. 611. In that case a suit was brought to recover for wages alleged to be due the defendant's farm manager. It appeared that the plaintiff had intentionally failed to act with the diligence, integrity, and skill which his employment called for, particularly in that he had deceived his employer relative to the nonpayment of bills run up by him as such manager. A verdict for the plaintiff was returned; but the Supreme Court held that "a wilful default in the performance of a stipulation not going to the essence of the contract bars a recovery"; that "where the plaintiff has honestly tried to perform his contract, it is one thing to hold that it must have been the intention to make the commission of such a breach a condition precedent. But where the default is wilful the question in our opinion is a different one. Where a contractor commits a wilful default and yet claims the contract price, he in effect claims that he has a right to break his contract. But he has no such right. The doctrine that a breach after part performance is not a defense, unless it goes to the essence does not give a party a right to commit a breach because it does not go to the essence; it merely excuses the breach to the extent just stated after it has been committed.' Langdell, Summary of the Law of Contracts, § 168. In Metcalf on Contracts, pp. 8, 9, the general doctrine is laid down that: 'If the failure to perform the express contract be intentional,

it is such bad faith that he can recover nothing.' "

The only answer made by counsel for the appellee to this contention is that, "No citation of authority is needed to the point that nothing but a *substantial* breach by one party is an excuse for nonperformance by the defendant." No authorities are cited in support of this proposition, which plainly is not law in Massachusetts or in Maryland if the breach be willful.

The alternative verdict reads as follows:

"The jury find for the plaintiff and assess damages in the sum of ten thousand seven hundred thirty and $17/100$ dollars;

"But if, as a matter of law, the plaintiff is not entitled to a verdict, then the jury find for the defendant and consent that this alternative verdict may be entered on order of the United States District Court for the District of Massachusetts, or of the United States Circuit Court of Appeals for the First Circuit, or of the Supreme Court of the United States, with the same effect as if returned by them."

The result is that under this alternative verdict the defendant is entitled to judgment.

The judgment of the district court is vacated, the verdict set aside, and the case is remanded to that court for further proceedings not inconsistent with this opinion; the appellant recovers costs of appeal.