## McNEAL–EDWARDS CO. v. FRANK L. YOUNG CO.

No. 2345.

Circuit Court of Appeals, First Circuit.
July 22, 1931.

See, also, 43 F.(2d) 99.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

BINGHAM, Circuit Judge.

Since this case was before us on rehearing, July 1, 1930, when we entered judgment dismissing the cause for want of jurisdiction for lack of personal service upon the defendant, 42 F.(2d) 362, the Supreme Court has had the case under consideration, reversed our judgment, and remanded the case for further proceedings. Young Co. v. McNeal-Edwards Co. (decided May 18, 1931) 283 U. S. 398, 51 S. Ct. 538, 75 L. Ed. 1140.

The Supreme Court, however, failed to pass upon the merits of the controversy and upon which the Young Company had been granted a rehearing. It therefore becomes essential to a disposition of the case that we should pass upon the merits.

In our opinion of November 12, 1929, 35 F.(2d) 829, as to the merits of the controversy, it was held that, inasmuch as the contract contained a provision requiring the plaintiff to return the drums, which the jury had found it had not done within a reasonable time prior to September 15, 1922, and on that date had attached the drums, wrongfully retained by it until that time, it could not recover on the ground that the case fell within the doctrine of Sipley v. Stickney, 190 Mass. 43, 76 N. E. 226, 5 L. R. A. (N. S.) 469, 112 Am. St. Rep. 309, 5 Ann. Cas. 611. This is the only question raised in the case meriting further consideration on this rehearing.

In considering this question and the applicability of the doctrine announced in Sipley v. Stickney to this case, it is essential that we should point out in a concise way just what the facts in this case are.

By a contract of January 5, 1922, the Mc-Neal-Edwards Company, a corporation doing business in Virginia, contracted to sell to

the Frank L. Young Company, a corporation doing business in Massachusetts, one thousand to twelve hundred drums of Prime A Crude Menhaden Fish Oil at 33 cents per gallon, in seller's drums, to be delivered f. o. b. at a railroad in Baltimore for shipment to the Young Company, payment to be made in cash against documents, not including the drums. The contract also contained a stipulation that the Young Company should return the drums to the seller, freight prepaid. There were other provisions in the contract guaranteeing that the oil should be under 5 per cent. acidity, and that in case a sample, to be drawn by George A. Thompson, showed, according to Gascoyne's test, at the time of the gauging, to be in excess of 5 per cent. acidity, then the seller was to make an allowance of 1 per cent. per gallon for each per cent. or fraction thereof above 5 per cent. F. F. A.; and that the oil was to be gauged and sampled by Thompson at the time of the shipment.

The McNeal-Edwards Company shipped under the contract 1,107 drums of oil, the price of which came to about $18,000, and the Young Company paid for the same in full in March, 1922, but without prejudice to its claim that the oil was not Prime A Crude Menhaden Fish Oil as contracted for. The oil turned out to be of such a character that it could not be removed from the drums during the cold weather, as it would not run from the containers. There was also a long period of time during which the parties were in controversy as to the acidity of the oil, and as to whether it was or was not of the quality contracted for.

During July and August of that year, the oil was exposed to the heat of the sun, and was finally emptied from the containers about the 22d of August. The drums, however, were retained in the possession of the Young Company down to September 15, 1922, when it brought suit against the McNeal-Edwards Company, alleging breach of warranty of the quality of the oil, and attached the drums. In answer to this suit on the contract for breach of warranty, the defendant pleaded a general denial and, further answering, alleged (1) that the oil furnished was of the quality and description ordered and agreed to be furnished; (2) that with respect to the quality and description of the oil sold the plaintiff was bound under the contract by the gauging and analysis made by George L. Thompson and the Gascoyne Company, or either of them, who were designated by the plaintiff as its agents and representatives for that purpose; and (3) that the plaintiff, before action brought, accepted the discount provided by the contract in case of excess of free fatty acids, and had adjusted its claim against the defendant by deducting such discount and paying the defendant the difference between that amount and the purchase price.

The jury found that the oil delivered was not of the quality and grade called for by the contract, and that the Young Company, by reason thereof, was damaged in the sum of $10,730.17.

The McNeal-Edwards Company also brought an action against the Young Company to recover damages, alleging that the Young Company had violated the provision of the contract relating to the return of the drums, in that it had not seasonably returned them. This case was tried with the one previously spoken of.

In answer to special questions submitted, the jury found that the retention of the drums by the Young Company from the time they were received (about January 28, 1922) to September 15, 1922, when they were attached, was unreasonably long, and that McNeal-Edwards Company was damaged, because of the unreasonable detention of the drums, in the sum of $100.

At the close of the testimony, the McNeal-Edwards Company, as defendant in the first suit, submitted the following requests for rulings, among others:

"1. Upon all the evidence your verdict must be for the defendant, McNeal-Edwards Company."

"6. That where a person owes a duty to do an act by virtue of the obligation placed upon him by a valid contract, he has no right to knowingly do another act which will make it impossible for him to fulfil that obligation. To apply this to the case at bar Frank L. Young Company, owing a duty to return the drums promptly, had no right by their intentional act to cause the drums to be placed in custodia legis, that is, under attachment, and to claim that they were therefore unable to so return them to McNeal-Edwards Company.

"7. To so place them under attachment as described in the foregoing request, and to still retain them, constitutes a breach of the contract in suit, and your verdict must be for the defendant."

These requests were refused, and their refusal was assigned as error.

It is not questioned but that the contract contained a warranty that the oil sold was of the quality and grade known in the market as Prime A Crude Menhaden Fish Oil. And it is unquestionable that the Young Company, having examined the oil before payment and finding that it did not correspond to the warranty, could have returned it or paid for the same according to contract, and sued for damages for breach of the warranty. It took the latter course. This being so, the parties, under the terms of the contract, understood that the only condition precedent to the Young Company's right to maintain an action on the warranty was that it should first pay the price, which it did. The stipulation in the contract that the Young Company should return the drums, freight prepaid, was an independent stipulation and not a condition precedent to its right to maintain an action on the warranty. Consequently, in order to maintain an action on the warranty, the Young Company did not have to allege in its declaration and prove that it returned the drums, and did so seasonably. The McNeal-Edwards Company recognized this in its answer, for it did not set up the breach of the stipulation to return the drums as a defense.

There was evidence in abundance from which the jury could find that the oil was not of the character and quality contracted for, and, this being so, request No. 1 for a directed verdict was properly denied.

■ The sixth request has no application to this suit on the warranty. Its application, if any, was to the action brought by the McNeal-Edwards Company against the Young Company alleging breach of the stipulation seasonably to return the drums.

The seventh request incorporates in it a portion of what is stated in request No. 6 and a fair interpretation of the request is:

"7. To so place them under attachment as described in the foregoing request [by their intentional act to cause the drums to be placed in custodia legis, that is, under attachment] and to still retain them constitutes a breach of the contract in suit, and your verdict must be for the defendant."

In other words, the defendant's position is that under this request and on the evidence in the case the jury could have found that the breach of the stipulation to return the drums was willful and a defense to the action brought by the Young Company on the warranty. But, as above pointed out, the stipulation in the contract relating to the return of the drums was an independent stip-ulation and not a condition precedent to the right of the Young Company to maintain an action on the warranty. And, such being the case, it is unimportant in this action whether the breach of the independent stipulation was intentional or not. Furthermore, if the breach of this independent stipulation could be regarded as a defense to the action on the warranty, it should have been set up as a defense in the answer, and, not being set up in that manner, it could not be availed of by a request for rulings. But it was not a defense; it was only an independent stipulation, the breach of which could be set up in recoupment of damages, or made the subject of a cross-action. It was made the subject of a cross-action, and the McNeal-Edwards Company obtained a verdict in that action for $100 for the unreasonable detention of the drums.

■ It is the law of Massachusetts and the law generally that a stipulation, which is an independent one, is not a condition upon the nonperformance of which the other party is absolved from performance on his part, but is a covenant for the breach of which the party sustaining loss has a remedy by action and must avail himself thereof by way of recoupment or in an independent suit. Lynch v. Culhane, 241 Mass. 219, 135 N. E. 119; Proprietors of Mill Dam Foundery v. Hovey, 21 Pick. 417, 437–441; Cadwell v. Blake, 6 Gray, 402; Boston Blower Co. v. Brown, 149 Mass. 421, 426, 429, 21 N. E. 883; Cox v. Wiley, 183 Mass. 410, 67 N. E. 367; American Emigrant Co. v. County of Adams, 100 U. S. 61, 25 L. Ed. 563; Ainesworth Coal & Iron Co. v. Trafikaktiedolaget Grangesberg Oxelosund (C. C. A.) 287 F. 291, 295; Central Appalachian Co. v. Buchanan (C. C. A.) 73 F. 1006; Morrison v. Galloway, 2 Har. & J. (Md.) 461, 467.

The case of Sipley v. Stickney, 190 Mass. 43, 76 N. E. 226, 5 L. R. A. (N. S.) 469, 112 Am. St. Rep. 309, 5 Ann. Cas. 611, has no application to the situation here presented. That was a suit to recover wages alleged to be due the plaintiff as manager of the defendant's farm. It was not a suit on the contract, but an action of quantum meruit or account annexed, wherein the plaintiff sought recovery as in quasi contract. If it had been a suit on the contract, the plaintiff could not have maintained the action because of his failure to perform the condition precedent to his right under the contract. It was a condition precedent to his right under the contract, not only that he should render services as manager, but that he should act

diligently and faithfully in the rendition of that service, which he failed to do, for he deceived the defendant by intentionally misstating the debts incurred in running the farm. If the suit had been brought on the contract and he had substantially but not fully performed the condition precedent to his right thereunder, he could not have maintained an action on the contract, and it would be entirely immaterial whether he had acted willfully or not.

But under the law of Massachusetts, where a party has substantially performed the conditions precedent to his right under a contract, and in the performance of those conditions has acted in good faith, not willfully, he may recover in quasi contract the reasonable value of his services, not exceeding the contract price, less damages occasioned, on the ground of unjust enrichment; that equity and justice require, in such a situation, that the defendant should not benefit at his expense.

But in Massachusetts, where the plaintiff sues in quantum meruit seeking recovery in quasi contract, and has substantially performed the conditions precedent to his right under the contract but has not fully performed them, and his failure fully to perform was willful, he cannot recover even in quasi contract. This is what was decided in Sipley v. Stickney, 190 Mass. 43, 76 N. E. 226, 5 L. R. A. (N. S.) 469, 112 Am. St. Rep. 309, 5 Ann. Cas. 611. In other words, in Massachusetts, it is the willful violation of a condition precedent, though the failure in performance may be slight, that prevents recovery in quasi contract according to Sipley v. Stickney and the other like cases hereafter cited; although plaintiff could recover in quasi contract if the performance was substantial and in good faith.

That the action in Sipley v. Stickney was not on the contract but in quasi contract we think is obvious from the language used by the court in the discussion of the questions there considered. Volume 190, papers and briefs, Massachusetts reports relating to this case, also shows that the action was not on the contract, but on an account annexed. The contract and the willful breach of the plaintiff's obligation thereunder, to act faithfully and honestly in rendering the services contracted for, were set up in the answer as a defense. The opinion was written by Judge Loring. Shortly afterwards, in Douglas v. Lowell, 194 Mass. 268, 273, 80 N. E. 510, 512, an opinion also written by Judge Loring, the court said:

"One who contracts to erect a structure on land of the defendant or to do work on one already erected and voluntarily [willfully] refuses to complete his contract cannot recover under a *common count* for the value of the work done in partial performance. Homer v. Shaw, 177 Mass. 1, 58 N. E. 160. See, also, in this connection Sipley v. Stickney, 190 Mass. 43, 76 N. E. 226 [5 L. R. A. (N. S.) 469, 112 Am. St. Rep. 309, 5 Ann. Cas. 611]. * * *

"It is settled in such cases that he can recover the reasonable value to the defendant resulting from the partial performance only when he has substantially performed the whole contract and has intended in good faith to perform the whole." (Italics supplied.)

In Bowen, Trustee, v. Kimbell, 203 Mass. 364, 367, 371, 89 N. E. 542, 544, 133 Am. St. Rep. 302, in an opinion written by Chief Justice Knowlton, the court said:

"It has always been held that he [the plaintiff] cannot recover upon a *quantum meruit* unless he has acted in good faith under the contract, in an endeavor to perform it. Burke v. Coyne, 188 Mass. 401, 74 N. E. 942; Sipley v. Stickney, 190 Mass. 43, 76 N. E. 226, 5 L. R. A. (N. S.) 469, 112 Am. St. Rep. 309 [5 Ann. Cas. 611]."

In Hennessey v. Preston, 219 Mass. 61, 106 N. E. 570, in an opinion written by Judge De Courcy, it was held that, on a count in quantum meruit, the burden was on the plaintiff to prove substantial performance of his contract and that he proceeded in good faith.

See, also, Keener on Quasi-Contracts, page 231.

In Cobb v. Library Bureau, 268 Mass. 311, 167 N. E. 765, the stipulation in the contract, wherein the plaintiff agreed fully to pay for stock before he was entitled to delivery, was a condition precedent to the defendant's obligation to deliver the stock. The plaintiff paid but a small portion of the price and then failed to pay the balance—a substantial part of the consideration. In this situation, he brought an action against the defendant company to recover the money that he had paid towards the stock. The defendant contended that the plaintiff by his willful default had lost his rights under the contract, and that there could be no recovery in quasi contract by a plaintiff who had willfully deviated from the terms of his express contract. It was held that the failure to perform being substantial he could not recover in quasi contract, whether the breach was willful or not; and that the cases in which

a plaintiff, who substantially performs his part of a contract according to its terms, and does so with an honest intent to perform, may recover in quasi contract, were not applicable. This is undoubtedly so, for there is a wide difference between *substantial performance* of a condition precedent and a *substantial breach* of a condition precedent. Where there is a substantial breach of a condition precedent, a plaintiff can neither recover on the contract nor in quasi contract, whether his breach be willful or not.

There was no finding in that case that the plaintiff's breach was willful, but, if it had been willful, that would have been but a further reason for the denial of his right to recover in quasi contract, as there recovery is allowed only where equity and justice demand it.

That case is not contrary to the conclusion reached in Sipley v. Stickney, where the breach of the condition precedent was willful and the default in the performance was slight, or it was assumed by the court that it might have been.

See, generally, on this subject, Keener on Quasi-Contracts, page 214, chapter 4.

In view of what has been said, our judgment of July 1, 1930, must be vacated and the order will be:

The judgment of the District Court is affirmed, with costs.

ANDERSON, Circuit Judge, concurs in this result.

WILSON, Circuit Judge.

I concur in the result upon the ground that, even if the alleged breach had been properly pleaded, it would not have been a good defense to the action brought by the Young Company, since the agreement to return the drums was an independent stipulation and not a condition precedent to the agreement to deliver oil of a certain grade. The case is governed by the rule laid down in Proprietors of Mill Dam Foundery v. Hovey, 21 Pick. 417, 437–439; Cadwell v. Blake, 6 Gray, 402; Boston Blower Co. v. Brown, 149 Mass. 421, 426, 21 N. E. 883; Cox v. Wiley, 183 Mass. 410, 67 N. E. 367; American Emigrant Co. v. County of Adams, 100 U. S. 61, 25 L. Ed. 563; Ainesworth Coal & Iron Co. v. Trafikaktiedolaget Grangesberg Oxelosund (C. C. A.) 287 F. 291, 295; Central Appalachian Co. v. Buchanan (C. C. A.) 73 F. 1006; Morrison v. Galloway, 2 Har. & J. (Md.) 461, 467; Boone v. Eyre, 1 H. Bl. 273 (Footnote); Kauffman v. Raeder (C. C. A.) 108 F. 171, 54 L. R. A. 247; Susswein v. Pennsylvania Steel Co. (C. C.) 184 F. 102.

I do not agree that the case of Sipley v. Stickney was decided on the grounds set forth in the opinion, though it might well have been; and hence, even if this were a Massachusetts contract, that case should not control this, especially in view of the cases above cited.

The cases on "substantial performance" are not relevant, and a citation of them confuses the issue.