LOW SUPPLY COMPANY *vs.* C. A. PAPPACOSTOPOULOUS.

CONSTANTINE A. PAPPACOSTOPOULOS *vs.* LOW SUPPLY COMPANY.

Suffolk.   November 17, 1932. — September 11, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Practice, Civil,* New trial, Verdict, Judge's charge, Continuance, Cross actions.

At the trial together of cross actions, the first by a contractor upon an account annexed for a balance alleged to be due for installing a heating plant for the owner of a building, in which action the defendant answered only by a general denial and an allegation of payment and a special denial as to three items; and the second action for damages resulting to the owner due to alleged negligent and defective installation, the judge, among other instructions, charged the jury that it was possible for both parties to fail as plaintiffs, but that both could not prevail as plaintiffs.   No request for further instructions was made at the close of the charge, and no exception to the charge or to any portion of it was saved.   There were verdicts for both plaintiffs, that for the owner in the second action being larger than that for the contractor in the first.   The contractor moved for a new trial of the second action on the grounds that the verdict was predicated upon findings as matter of law contrary to the instructions to the jury and was contrary to the evidence.   The motion was denied, and he alleged exceptions.   *Held,* that

(1) If it be assumed that there was no error of law in the charge, and that there was inconsistency between the two verdicts, that did not require as matter of law the granting of the motion for a new trial;

(2) The proper time to take advantage of any alleged inconsistency between the verdicts was when they were returned and before they were recorded;

(3) In the circumstances, the general rule, that determination of the question, whether a verdict shall be set aside, lies in sound judicial discretion, applied; and no abuse of discretion was shown;

(4) The exceptions were overruled.

*Whether* the instruction, at the trial above described, to the effect that both parties could not prevail as plaintiffs was erroneous in view of the pleadings was not decided.

CROSS ACTIONS OF CONTRACT.   Writ in the first action in the Municipal Court of the City of Boston dated April 15,

1931, and in the second action in the Superior Court dated May 4, 1931.

Upon removal of the first action to the Superior Court, the actions were tried together before *Brown*, J. Proceedings at the trial, verdicts and a motion by Low Supply Company for a new trial of the action against it are described in the opinion. The motion was denied. Low Supply Company alleged exceptions.

*P. D. Turner*, (*C. W. Spencer* with him,) for Low Supply Company.

*W. G. Wehrle*, for Pappacostopoulos.

RUGG, C.J.    These two actions founded on the same contract to install a heating system were tried together before a jury. The first action is brought by the Low Supply Company as plaintiff to recover the balance due for the heating apparatus on an account annexed. The defendant in that action pleaded general denial, payment, and special denial of three items in the account. The second action is by the defendant in the first action against the plaintiff in that action. The declaration sets out a contract by the defendant to install a heating plant on the premises of the plaintiff, negligent installation and consequent damages to his property and also damages for failure of the heating system to conform to representations and to warm the premises satisfactorily, due to defective installation. The answer of the defendant set up general denial, and performance of its contract. The trial judge gave comprehensive instructions covering the issues in the two cases including burden of proof. At the conclusion of the charge no requests were made for further instructions, no exceptions were saved to the charge and the attention of the judge was not directed to any alleged error in the charge. Amongst other matters the jury were instructed that it was possible for both parties to fail as plaintiffs, but that both could not prevail as plaintiffs. There was ample evidence on which the jury could have found for the plaintiff in either case. A verdict was returned in the first case for the plaintiff for $115.35 and in the second case for the plaintiff for $1,000.

In the second case the defendant filed a motion that the verdict be set aside on the grounds among others that the verdict (1) was predicated upon findings as matter of law contrary to the instructions and (2) was contrary to the evidence.   In the first case the defendant filed a motion that the cause of action be continued for judgment until the final determination of the other case.   The motion to set aside the verdict was denied and the motion for continuance was granted.   Exceptions to this action of the trial judge by the Low Supply Company bring the cases here.

The excepting party made no motions and took no action at the time the verdicts were returned and before they were recorded.   See *Charles* v. *Boston Elevated Railway,* 230 Mass. 536, 542, 543.   That was the proper time to raise the question as to inconsistency between the verdicts and it was the duty of parties or counsel to be present unless content to rely upon action taken in their absence.   *Dziegiel* v. *Westford,* 274 Mass. 291, 294.   The exceptions are confined to the disposition of motions filed long after the verdicts were received and recorded.   *McManus* v. *Thing,* 208 Mass. 55.   *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 390.   *Di Lorenzo* v. *Atlantic National Bank of Boston,* 278 Mass. 321, 324.   Whether the instruction to the effect that the plaintiff in each action could not recover was erroneous in view of the pleadings need not be considered.   See *Cox* v. *Wiley,* 183 Mass. 410, 412.   The defendant in the first action pleaded by way of answer to the declaration on an account annexed only a general and a special denial and payment.   He did not plead recoupment.   Therefore he could not show as a defence to that action damages resulting to him from negligence of that plaintiff in installing the heater.   He chose to assert his rights in that particular by separate action rather than by recoupment.   *Carey* v. *Guillow,* 105 Mass. 18.   *Sayles* v. *Quinn,* 196 Mass. 492, 494. *Bennett* v. *Kupfer Brothers Co.* 213 Mass. 218, 221.

It is the general rule that where there has been a full trial resulting in a verdict rendered without exceptions by any party a motion for a new trial is addressed to the dis-

cretion of the trial judge, even though based on disregard by the jury of the instructions given. *Ridenour* v. *H. C. Dexter Chair Co.* 209 Mass. 70, 76. Even an erroneous instruction to which no exception was saved does not require the setting aside of a verdict. *Loveland* v. *Rand,* 200 Mass. 142. If it be assumed that there was no error of law in the charge, see *Cox* v. *Wiley,* 183 Mass. 410, and that there was inconsistency between the two verdicts, that did not require as matter of law the granting of the motion for a new trial. The proper time to take advantage technically of this alleged inconsistency of action by the jury was when the verdict was returned and before it was recorded. *Produce Exchange Trust Co.* v. *Bieberbach,* 176 Mass. 577, 592–594. *Charles* v. *Boston Elevated Railway,* 230 Mass. 536, 542–543. The trial judge may have been convinced that the verdict against the Low Supply Company was just and ought to stand. He also may have been convinced that justice required the setting aside of both verdicts, if the one, in which the motion was made, was set aside, and that since he could not set aside the verdict in the other case because no motion to that end had been filed as required, G. L. (Ter. Ed.) c. 231, § 127, within the time specified by Rule 54 of the Superior Court (1932), the verdict in the other case ought not to be set aside. He may have felt that justice would be done if both verdicts stood. Whichever view be taken as to the correctness of the instruction given, the case at bar in the circumstances disclosed falls within the general rule that whether a verdict shall be set aside rests in sound judicial discretion. There was no error of law in denying the motion to set aside the verdict in the second case. *Freeman* v. *Robinson,* 238 Mass. 449. *Energy Electric Co., petitioner,* 262 Mass. 534, 538. *Wright* v. *Apikian,* 270 Mass. 302. *Friend Lumber Co. Inc.* v. *Armstrong Building Finish Co.* 276 Mass. 361, 369, 370, 371. *Malden Trust Co.* v. *Perlmuter,* 278 Mass. 259.

There was no error in granting the motion to continue the first case for judgment. In each case the exceptions are overruled.

*So ordered.*