BEE MACH. CO., Inc., v. FREEMAN.

No. 1224.

District Court, D. Massachusetts.

Oct. 6, 1941.

James W. Sullivan, of Lynn, Mass., Walter Powers, of Sherburne, Power & Needham, Dike, Calver & Porter, and Cedric W. Porter, all of Boston, Mass., for plaintiff.

Allen & Allen and Marston Allen, all of Cincinnati, Ohio, and Nathan Heard and Frederick A. Tennant, both of Boston, Mass., for defendant.

BREWSTER, District Judge.

In this action defendant has moved for a summary judgment under Rule 56 of Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The motion is based on the doctrine of res adjudicata, the defendant contending that all genuine issues of facts raised by the pleadings have already been adjudicated in a suit in equity, brought by this plaintiff against this defendant and another, in the Federal Court in the Southern District of Ohio. The motion was submitted on the pleadings and affidavits which included copies of the records of the Ohio court.

No genuine issue exists respecting the following facts. The defendant entered into a license contract with the plaintiff, dated November 29, 1933, whereby the plaintiff was licensed to manufacture and sell certain devices under Letters Patent of the United States owned or controlled by defendant. This license agreement contained these paragraphs:

"10. This license may be cancelled by the Licensor for cause or breach of condition by the Licensee upon first giving thirty (30) days written notice of the cause or breach complained of, and if not corrected within said time, a further written notice of cancellation may be sent by registered mail by Licensor cancelling this license within an additional thirty (30) days from said second notice, but such cancellation shall not affect the right of Licensor to collect royalties then due."

"12. Licensor agrees that if in the future he should develop or acquire improvements in the dies, anvils, and masks licensed herein that the Licensee shall have the right subject to the conditions of this license, to use the same without additional royalty, and the Licensee agrees that if it develops

or acquires any such improvements that it will grant the Licensor * * * if requested to do so by the Licensor, a right to employ the same without charge * * *."

One of the patents included in the license agreement was subsequently declared invalid as to many of its claims. Premier Machine Co., Inc., v. Freeman, 1 Cir., 84 F.2d 425.

On September 25, 1936, the defendant gave to the plaintiff the first 30-day notice required by paragraph 10 above. The breach charged was failure to furnish complete royalty returns and to pay the stipulated royalties. After an attempted arbitration had failed, a second notice was given on May 13, 1937, cancelling the contract for breach of its conditions.

On June 3, 1937, the plaintiff filed in the United States District Court at Cincinnati a bill of complaint, praying for injunctive relief against the attempted cancellation, for an accounting to establish the royalties due, and for an order to compel the defendant to comply with the provisions of the license set forth in paragraph 12, above noted. In the bill plaintiff alleged the execution of the license contract, an overpayment of royalties, the failure of defendant to carry out his agreements respecting future developments and improvements and other wrongful acts of defendant calculated and intended to injure the plaintiff in its business. The defendant, in his answer, denied these allegations, except as to the execution of the contract, and also counterclaimed for royalties due before cancellation and for infringement thereafter.

Before hearing, the parties entered into a stipulation agreeing that the issue of the existence of a license agreement between the parties should be tried first under Equity Rule 29, 28 U.S.C.A. § 723 Appendix, the case to proceed without amendment to the pleadings at that time. The court heard the parties and thereafter submitted findings of fact and conclusions of law in a written opinion, 40 F.Supp. 299, which was subsequently adopted by the Circuit Court of Appeals for the Sixth Circuit in affirming the decree of the court entitled an "Interlocutory Judgment." 121 F.2d 451. In this judgment it was adjudged and decreed that the original bill be dismissed, that amendments be allowed and the amended bill dismissed; that the license was legally cancelled for breach of conditions justifying cancellation. The first counterclaim was allowed in part and the matter referred to a master for an accounting, and the second counterclaim for infringement was reserved for further hearing. A motion by plaintiff to file a supplemental bill was denied without prejudice to plaintiff's rights to bring to the attention of the court, by appropriate proceedings, "any infraction of its rights which it believes the defendant has committed or is committing in connection with representations or threats to the trade or plaintiff's customers."

From an examination of the findings and conclusions of the court, it is clear that the only issues concluded by the judgment were whether the plaintiff had breached the license by failing to pay the royalties required by the license entitling the defendant to cancel the contract pursuant to its terms, and whether the defendant had taken appropriate steps to terminate it. On these issues turned the single issue as to the existence of a license agreement between the parties, the only issue tried according to the stipulation. The decision went for the defendant. Other issues, such as an accounting respecting royalties due prior to cancellation and infringement thereafter, were left open, as also was the question whether defendant had invaded plaintiff's rights by threats or representations to the trade and plaintiff's customers.

Turning now to the case at bar, the action was removed from the State court. It is an action of contract, brought to recover damages for alleged breach of contract, namely, the license agreement. The declaration sets forth the material portions of paragraph 12 of the license quoted above; the failure of the defendant to give to plaintiff the right to use, manufacture and sell certain improvements in the licensed devices which defendant had developed or acquired; the refusal of defendant to furnish plaintiff with "necessary drawings and model parts required for the manufacture of the said improvements." The plaintiff also, in its declaration, charges defendant with facilitating and encouraging other licensees in the same territory in the manufacture and sale of said improvements; with representing to the trade and to plaintiff's customers that plaintiff was not licensed to manufacture and sell said improvements, and intimating that anyone purchasing such improvements from plaintiff would be subjected to litigation instituted by the defendant.

The plaintiff, in its declaration, asserts that the license imposed legal obligations

upon the defendant to secure to plaintiff the full enjoyment and benefit of the license and to refrain from acts resulting in an impairment of the value of the rights and privileges granted to plaintiff by said license. The alleged violations of this duty are (1) failure and refusal of defendant to prevent unauthorized manufacture and sale of the licensed device; (2) granting to other licensees the right to sell to plaintiff's customers but not to customers of other licensees; and (3) other wrongful acts intended to diminish and destroy the value of the license, all resulting in substantial damage.

Defendant, in his answer, pleads res adjudicata and denies the allegations of the declaration except the existence of the license and the allegations respecting the 12th paragraph. He alleges the cancellation of the license for breach of conditions.

The pleadings here, no doubt, raise issues of material facts. The question presented is whether they can be deemed genuine issues when considered in the light of material facts, above recited, which are established by the record and concerning which there is, and can be, no genuine issue.

 It is the defendant's contention that enough has already been adjudicated to defeat the plaintiff's right to recover in this action, even if all the findings in the earlier suit were not necessarily involved in the decision of the court. This contention is based on the doctrine that a party who breaks a contract cannot recover upon it unless the broken promise is independent of the promise which he seeks to enforce. The rule obtains in this circuit. McNeal-Edwards Co. v. Frank L. Young Co., 1 Cir., 51 F.2d 699; Roig v. Electrical Research Products, Inc., 1 Cir., 57 F.2d 639; Penley Bros. Co. v. Hall, 1 Cir., 84 F.2d 371.

 This action is in contract. The alleged cause of action arises wholly from the license agreement. It must be construed as imposing upon the parties reciprocal rights and obligations. It does not create independent promises. The rule applies, and the breach by plaintiff, the adjudication of which is conceded, precludes recovery.

 The plaintiff, however, would invoke the well-recognized rule that only those facts become adjudicated which were necessarily the basis of the relief, denial of relief or other ultimate rights established by the judgment, Olsen v. Olsen, 294 Mass. 507, 2 N.E.2d 475; Cambria v. Jeffrey, 307 Mass. 49, 29 N.E.2d 555, or were, under appropriate pleadings, actually passed upon. Sandler v. Silk et al., 292 Mass. 493, 498, 198 N.E. 749.

 The plaintiff argues that all that was adjudicated was whether the license was legally terminated. Undoubtedly that is so, not because of that part of the judgment denying equitable relief but because of the stipulated issue submitted, and that part of the judgment which orders, adjudges and decrees that the license agreement was properly cancelled by the defendant "for cause or breach of condition by the plaintiff justifying the cancellation upon his (Freeman's) part." Since non-performance by one party excuses non-performance by the other in the case of a bilateral contract containing mutual promises (Federal Law of Contracts, § 471), it is difficult to see how the court could have concluded that the cancellation was justifiable without passing upon the defendant's failures, alleged as grounds for denying his right to terminate the license.

The facts established beyond controversy prevent a recovery in this action. No genuine issue of a material fact remains to be considered.

A summary judgment in favor of the defendant may properly be entered. It is so ordered.